## *In re* LEONARD.

CRIMINAL LAW—BREAKING AND ENTERING—INDETERMINATE SENTENCE.

Under the indeterminate sentence law of 1903 (Act No. 136), the court has power to fix the minimum term of imprisonment for statutory burglary, as defined by section 11547, 3 Comp. Laws, no minimum being provided by the statute.

Habeas corpus proceedings by John M. Leonard to obtain his release from the State prison at Jackson. Submitted July 7, 1904. (Calendar No. 20,592.) Prisoner remanded July 27, 1904.

*John M. Leonard*, in pro. per.

*Charles A. Blair*, Attorney General, for respondent warden of State prison.

MOORE, C. J. Petitioner was convicted of the crime of burglary, committed on the 18th day of October, 1903, and on the 18th day of February, 1904, was sentenced to the State prison at Jackson for a maximum term of 15 years, and a minimum of 10 years, pursuant to the provisions of Act No. 136 of the Public Acts of 1903, known as the "Indeterminate Sentence Law," which became operative about September 16, 1903. He now petitions for his re-

lease from imprisonment upon the ground that the sentence imposed is in violation of the provisions of said act; the claim being made that the minimum term provided by law for the crime of burglary is 1 year, and the court therefore had no authority to fix the same at 10 years.

The information, a copy of which is attached to the petition filed herein, shows that petitioner was charged with the crime of breaking and entering, in the night-time, a store not adjoining to or occupied with a dwelling house, with intent to commit the crime of larceny therein. The statute fixing the punishment for this offense (section 11547, 3 Comp. Laws) provides that one guilty thereof shall be punished by imprisonment in the State prison not more than 15 years. No minimum sentence is provided in the statute.

Section 1 of the indeterminate sentence law contains a provision that in all cases where no minimum sentence is fixed by law, the court imposing sentence shall fix such minimum, which shall not be less than six months. Under this provision of the statute, the court was undoubtedly authorized to fix the minimum sentence — none being fixed in the statute prescribing the penalty for the offense of which petitioner was convicted — and the sentence is clearly valid.

It necessarily follows that petitioner's application for release from imprisonment should be denied.

The other Justices concurred.