*In re* SPENCER.

1. HABEAS CORPUS—DENIAL PROPER.

Where, in *habeas corpus* proceedings against warden to procure petitioner's release from State prison, mittimus under which petitioner was detained was not void on its face, and record did not impeach validity of sentence or justify holding that sentence was void on its face, writ was properly denied.

2. CERTIORARI—APPEAL AND ERROR—HABEAS CORPUS—VALIDITY OF SENTENCE.

Where, on certiorari to review denial of writ in *habeas corpus* proceedings brought to secure petitioner's release from State prison, question is raised that petitioner was convicted of felony under Act No. 310, Pub. Acts 1929, and sentenced as for second offense, whereas conviction and sentence should have been for misdemeanor under general law (3 Comp. Laws 1915, § 14997), but record of trial court is not before this court so that question may be decided on merits, proceeding in this court is treated as application for writ of error and writ granted, so that review may be had in proper proceeding.

Petition by Jack Spencer to Jackson circuit court for writ of *habeas corpus* for release from confinement in Jackson prison pursuant to conviction of violation of the narcotic drug law in the recorder's court of Detroit. The writ was denied and petitioner applied to this court for a writ of *habeas corpus* and ancillary writ of certiorari to the recorder's court of Detroit. This is treated as certiorari to review *habeas corpus* proceeding in Jackson circuit court. Judgment affirmed. Proceeding then treated as application for writ of error. Submitted October 7, 1930. (Calendar No. 35,103.) Writ granted October 28, 1930.

*Blackman & Williams,* for petitioner.

*Wilber M. Brucker,* Attorney General, and *M. M. Larmonth,* Assistant Attorney General, for respondent.

WIEST, C. J. Petitioner is confined in the State prison at Jackson, under sentence imposed by the recorder's court of the city of Detroit. He sought release by *habeas corpus* in the Jackson circuit court. His application was denied. Thereupon he applied to this court for a writ of *habeas corpus* and an ancillary writ of certiorari to the recorder's court to bring up the record of his conviction. We treated this as an application for a writ of certiorari to review the *habeas corpus* proceeding in the Jackson circuit. Such was his remedy and we could not supplement the record in the circuit court by certiorari to the recorder's court.

In the recorder's court petitioner plead guilty to a violation of the narcotic drug act (Act No. 310, Pub. Acts 1929). The record does not contain the

information. In the petition in the circuit court it was alleged that the information charged him with having in his possession narcotics in violation of section 3 (a), art. 1, of the mentioned act. Upon this we cannot accept anything but the record. The record before us shows that, upon his conviction, it was charged in a supplemental information that it constituted his second conviction of a felony, and he was sentenced to imprisonment in the State prison ''for the period of not less than two years and six months, from and including this date, to seven and one-half years.''

Act No. 310, Pub. Acts 1929, became effective May 24, 1929, repealed Act No. 92, Pub. Acts 1923, and Act No. 9, Pub. Acts 1925, and all acts and parts of acts contravening its provisions. The act at great length and in much particularity defined the legitimate use and traffic in habit-forming narcotic drugs and suppressed the illegitimate use, sale, disposition, distribution, possession, and traffic in the same, but, unfortunately, omitted penalty for violations, except a violation of section 3, article 2, of the act, which it declared a felony.

Section 3, art. 2, provides:

''For the alleviating of pain and suffering in extreme cases physicians are hereby authorized to prescribe for and to treat such persons by means of the use of habit forming narcotic drugs, and such physician prescribing such use shall make a report in writing of all cases known by him to be drug addicts on a form of certificate prepared by the director of public welfare, stating the name and address of the person treated and the name and address of the physician prescribing such treatment, and such certificate shall be delivered to the director of public welfare.''

It is argued that the act, not providing any penalty for one unlawfully having possession of narcotic

drugs, remitted prosecution to the general law and constituted the offense a misdemeanor (3 Comp. Laws 1915, § 14997), and limited imprisonment to the county jail for not more than one year (3 Comp. Laws 1915, § 14998). This constitutes the ground for claiming that petitioner was not convicted of a felony but of a misdemeanor, and the supplemental information charging his conviction as a second offense of a felony was erroneous and the sentence thereunder not merely excessive but absolutely void. Whether or not there is merit in this we do not at this time decide, for the record herein does not provide us with requisite information.

The writ in the circuit court ran to the warden of the State prison, and his return, of course, merely set up the warrant or mittimus under which he detained petitioner. The mittimus upon its face was not void. The recorder's court had jurisdiction over the person of the petitioner and of the offense he committed, whether it was a misdemeanor or a felony, and, inasmuch as the record made in the circuit did not impeach the validity of the sentence or justify a holding that the sentence was void on its face, we must affirm denial of the writ.

The record in the recorder's court was not before the circuit judge, nor is it here. We feel, however, that there is sufficient merit in the claim of petitioner to command an opportunity, in a proper proceeding, to have the same considered by this court, and we now treat this proceeding as an application for a writ of error, and grant such writ.

Butzel, Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.