*In re* MOYNAHAN.

1. CRIMINAL LAW—NARCOTICS—POISONS—UNLAWFUL POSSESSION—
   MISDEMEANOR—PENALTY—STATUTES.
   Unlawful possession of narcotic drugs is misdemeanor under
   Act No. 310, Pub. Acts 1929, with imprisonment therefor
   limited to one year under 3 Comp. Laws 1929, § 16588.

2. SAME—SECOND FELONY—VOID SENTENCE.
   Sentence for second felony, following conviction of unlawful
   possession of narcotic drugs, is void, since offense is mis-
   demeanor and not felony.

3. SAME—APPEAL AND ERROR—HABEAS CORPUS.
   Remedy for illegal sentence for second felony is appeal rather
   than *habeas corpus.*

4. HABEAS CORPUS—REVIEWING ILLEGAL SENTENCE—APPEAL AND
   ERROR.
   Where court issuing writ of *habeas corpus* issued ancillary writ
   of certiorari, bringing to it record in court below, enabling it
   to find error in sentence of petitioner, his discharge is ordered
   without thereby intending to substitute *habeas corpus* for
   proper remedy of appeal.

Petition by Jerry Moynahan for a writ of *habeas corpus* for release from confinement in Jackson prison pursuant to conviction under supplemental information of violation of narcotic drug law in recorder's court of Detroit.  Certiorari to recorder's court of Detroit.  Murphy (Frank), J.  Submitted August 7, 1931.  (Calendar No. 35,915.)  Writ granted October 5, 1931.

*Frank L. Blackman,* for plaintiff.

*Paul W. Voorhies,* Attorney General, *Edward A. Bilitzke,* Assistant Attorney General, for the people.

Wiest, J.   Jerry Moynahan is confined in the State prison at Jackson under sentence of the recorder's court for the city of Detroit, and seeks release by *habeas corpus*. He plead guilty to an information charging him with the control and possession of a designated narcotic drug, in violation of Act No. 310, Pub. Acts 1929 (2 Comp. Laws 1929, § 9212 *et seq.*, see Act No. 172, Pub. Acts 1931), and, August 8, 1929, was sentenced to the Detroit house of correction for not less than six months nor more than five years, with six months' imprisonment recommended. September 20, 1929, a supplemental information was filed, charging that such conviction was for his second felony. He plead not guilty, was tried, convicted, and sentenced, as a second offender, to the Detroit house of correction, for not less than two and one-half nor more than seven and one-half years, and the judgment recited: "Sentence heretofore imposed set aside and vacated and defendant allowed time served thereon credited on above sentence." The first sentence, while excessive, was valid for one year. The second sentence was void.

We pointed out in *Re Spencer*, 252 Mich. 48, that the mentioned narcotic drug act, in not providing any penalty for one unlawfully having possession of narcotic drugs, constituted such possession and control a misdemeanor under general law (3 Comp. Laws 1915, § 14997 [3 Comp. Laws 1929, § 16588, see Act No. 328, Pub. Acts 1931, chap. 1, § 9, chap. 73, § 504]), with imprisonment limited to one year, We need not repeat what we there said.

Petitioner, under the first information, was convicted of a misdemeanor, and this could not be charged in the second information as a second felony. But it is said that appeal and not *habeas*

*corpus* is the remedy. This is technically correct, and in *Re Spencer, supra,* for want of record, we so remitted the petitioner. In this proceeding, however, an ancilliary writ of certiorari brings to us the proceedings in the recorder's court, and we may as well say now, as we will have to say in case of appeal, that petitioner is confined under a void conviction and sentence. In doing this we do not intend to substitute *habeas corpus* for appeal, but, having issued the writ, accompanied by a writ of certiorari, we have had to go behind the warrant of commitment and there we find and we can now see the error we would have to find and see in case of an appeal.

Petitioner, upon his plea of guilty, subjected himself to imprisonment in the county jail for not more than one year. He has been confined in the State prison (evidently by transfer) for more than one year. It is ordered that he be forthwith discharged.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.