PEOPLE *v.* PEREZ

1. JURY—SELECTION OF JURY—PEREMPTORY CHALLENGES.
   Assertion of error in the court's failure to ask one juror one
   specific question at the request of a defendant is precluded
   where the defendant failed to exhaust his peremptory chal-
   lenges and announced satisfaction with the jury.

2. CRIMINAL LAW—PLEADING—COMPLAINT—WILLFUL.
   The term "willful" need not be included in a criminal charge
   in a complaint where the offense charged is apparent from
   the complaint with or without the term "willful."

3. TRIAL—COUNSEL.
   A defendant may have two lawyers dividing the work of
   defense, and the lawyer not examining a witness may make
   a legal objection.

4. TRIAL—INSTRUCTIONS TO JURY—CRIMINAL LAW.
   Refusal to give jury instructions relating to a criminal defend-
   ant's theory of the case rather than to any basic element
   of the offense is not reversible error when the request was
   made after the case was submitted to the jury.

Appeal from Recorder's Court of Detroit, Traffic
and Ordinance Division, Andrew C. Wood, J. Sub-
mitted Division 1 March 5, 1970, at Detroit. (Docket
No. 6,109.) Decided March 24, 1970.

Anthony Charles Perez was convicted of fleeing
and eluding to avoid a traffic arrest. Defendant ap-
peals. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur 2d, Jury § 218.
[2] 41 Am Jur 2d, Indictments and Information §§ 108, 114.
[3] 53 Am Jur, Trial § 26.
[4] 53 Am Jur, Trial § 519.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*George L. BeGole,* for defendant.

Before: Lesinski, C. J., and Quinn and V. J. Brennan, JJ.

Quinn, J. November 30, 1967, at approximately 2 a.m. and in the vicinity of East Jefferson and Chene, a Detroit police officer observed an automobile driven by defendant traveling at a high rate of speed and subsequently observed that vehicle run a red light. The officer pursued defendant, pulled alongside, sounded his horn and motioned the driver to the curb. Defendant then accelerated, the officer again pulled alongside with blue and red flashers and siren on, and again motioned defendant to the curb. Defendant braked sharply and the officer went past him. Defendant immediately turned left onto Bellevue Avenue and the officer again pursued him. Defendant turned into a driveway and stopped. The officer pulled in behind defendant, alighted from the police vehicle, and observed defendant lying on the front seat of his vehicle with the lights and motor off and the doors locked. Receiving no response from defendant, the officer radioed for assistance. Defendant then got out of his car and was arrested.

Defendant was charged with violating MCLA § 257.602a (Stat Ann 1968 Rev § 9.2302[1]), which reads:

"A driver of a motor vehicle, who is given by hand, voice, emergency light or siren a visual or audible signal by a police officer, acting in the law-

ful performance of his duty, directing the driver to bring his motor vehicle to a stop, and who wilfully fails to obey such direction, by increasing his speed, extinguishing his lights, or otherwise attempting to flee or elude the officer, is guilty of a misdemeanor. The officer giving the signal shall be in uniform; and a vehicle driven at night shall be adequately identified as an official police vehicle."

The complaint reads:

"On the 30th day of November, 1967, at the city of Detroit, county of Wayne, Anthony Charles Perez, late of the city of Detroit, county of Wayne and state of Michigan, did operate a motor vehicle to-wit: Chevrolet coach, at 2:10 a.m. east on Jefferson between Crane and Bellevue, fleeing and eluding to avoid traffic arrest, speeding 60 miles per hour in a 35 mile per hour zone, then while being pursued by uniformed police in an adequately marked car with emergency flasher on, failed to stop for red traffic signal, drove 60 miles per hour in a 35 mile per hour zone; improper left turn, being in violation of Section 602A, Act 300, P.A. 1966."*

Defendant's jury trial January 15, 1968, resulted in his conviction of the offense charged. He was sentenced and he appeals, raising five issues.

Defendant first claims reversible error because the trial court refused to ask juror no. 6, "Your Honor, would you ask juror no. 6, Mrs. Morrison, that if the proofs were even in this case, what her verdict would be?" The record indicates that defendant did not exhaust his peremptory challenges and that he announced his satisfaction with the jury. *People* v. *Lambo* (1967), 8 Mich App 320, precludes a finding of error.

At the close of the people's case, defendant moved for directed verdict for the reason that the complaint

---

* This citation is in error; the correct citation is PA 1949, No 300, as amended by PA 1966, No 203.

failed to allege willfulness. He now claims revers-
ible error in the denial of that motion. The term will-
ful must be included in the charge if it is necessary to
indicate the offense. CL 1948, § 767.59 (Stat Ann
1954 Rev § 28.999). Here the offense charged is ap-
parent from the complaint, with or without the term
willful. *People* v. *Driessen* (1913), 178 Mich 118.
The motion was properly denied.

The foregoing determination obviates discussion
of defendant's claim of reversible error because the
trial court, after permitting an amendment of the
complaint to include "willful", failed to include "will-
ful" when he read the complaint to the jury. In ad-
dition, the jury was instructed several times that
they had to find the act willful before they could find
guilt.

Defendant had two counsel. He claims error be-
cause the trial judge would not permit the counsel
who was not examining a witness to make a legal ob-
jection. The judge ruled that one counsel or the
other, but not both, could participate at one time.
If this involved multiple objections by both counsel
for defendant or witness examination by both, the
trial judge can restrict participation to one counsel.
In this case, defense counsel were dividing the work
of the defense which is proper, *Baumier* v. *Antiau*
(1887), 65 Mich 31. The restriction imposed was
reversible error.

When the case was submitted to the jury, defend-
ant orally requested the court to charge that if de-
fendant did not know the vehicle which attempted to
stop him was a police vehicle and if he fled as a re-
sult of fear and apprehension, he could not then will-
fully evade and elude a police officer. This request
relates to defendant's theory of the case rather than
to any basic element of the offense. Refusal to give
it was not reversible error in view of the time the

request was made. 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 567.
Reversed and remanded.
All concurred.