*In re* SOUTHARD.

1. HABEAS CORPUS—WRIT OF ERROR.
   Habeas corpus will not be permitted to perform the functions of a writ of error.

2. CRIMINAL LAW—PURPOSE OF HABITUAL CRIMINAL ACT.
   The habitual criminal act was passed to provide a punishment for repeated commissions of felonies and is concerned with prior convictions and not the sentences under those convictions (3 Comp. Laws 1929, §§ 17338–17340).

3. SAME—SENTENCES—CONSTITUTIONAL LAW—LEGISLATURE—COURTS.
   The inherent judicial power to exercise discretion in the imposition of sentences was not removed by constitutional amendment empowering the legislature to provide for so-called indeterminate sentences but such power remains in the judiciary except as curtailed or removed by the legislature (Const. 1908, art. 5, § 28).

4. SAME—SENTENCE—DISCRETION OF COURT—LEGISLATURE.
   Legislative recognition and adherence to the policy of the exercise of discretion by the sentencing judge is evidenced by vesting in him the power to sentence one convicted of a crime up to the maximum limit imposed and the power of choosing between the alternative of fine or imprisonment.

5. SAME—INDETERMINATE SENTENCES—DISCRETION OF COURT.
   The policy expressed by the people, in providing by constitutional amendment for an indeterminate sentence law, directed the legislature to adopt a flexible law and the courts to fit the punishment in the exercise of their discretion to the needs of the particular case (Const. 1908, art. 5, § 28; 3 Comp. Laws 1929, §§ 17336, 17337).

6. CONSTITUTIONAL LAW—INDETERMINATE SENTENCES—DISCRETION—DELEGATION OF POWERS.
   Since a discretion must be exercised in order to have indeterminate sentences, the delegation of the power to impose such sentences is not a violation of the constitutional inhibition against delegation of power (Const. 1908, art. 4; art. 5, § 28; 3 Comp. Laws 1929, §§ 17336, 17337).

7. SAME—SEPARATION OF POWERS.

> The constitutional provision that the powers of government are divided into three great departments and that no person belonging to one department shall exercise powers properly belonging to another does not mean they must be kept wholly and entirely separate and distinct and have no common link of connection or dependence but rather that the whole power of one department shall not be exercised by the same hands which possess the whole power of either of the other departments and whether the exercise of some of the power which, strictly speaking, belongs to one department may be exercised by persons belonging to another department is for the determination of the State and its determination one way or the other cannot be an element in the inquiry whether due process of law has been observed when dealing with matters involving life or liberty (U. S. Const. 14th Am.; Mich. Const. 1908, art. 4).

8. SAME—INDETERMINATE SENTENCES—DISCRETION OF COURT—DELEGATION OF POWER.

> Constitutional provision authorizing legislature to enact indeterminate sentence law carried with it authority to vest in court's discretion in the imposition of sentences within limits imposed (Const. 1908, art. 5, § 28).

9. CRIMINAL LAW—INDETERMINATE SENTENCE—HABITUAL CRIMINAL.

> Sentence of 15 to 25 years to petitioner who was convicted of the crime of robbery armed for which he might have been sentenced for life or any term of years and also convicted as a third offender for which he might have been sentenced for life or for a term of not less than 7½ years was not unconstitutional (Const. 1908, art. 5, § 28; 3 Comp. Laws 1929, §§ 17336, 17339; Act No. 328, § 529, Pub. Acts 1931).

Habeas corpus proceedings to inquire into the detention of Harry N. Southard by Harry H. Jackson, Warden of the State Prison of Southern Michigan. Submitted April 8, 1941. (Calendar No. 41,578.) Writ denied June 2, 1941. Certiorari denied by Supreme Court of the United States October 13, 1941.

*Thomas Marshall* and *Campbell & Layher,* for petitioner.

*Herbert J. Rushton,* Attorney General, and *Edmund E. Shepherd,* Solicitor General, for defendant.

BUSHNELL, J. Petitioner, Harry N. Southard, was convicted by a jury on November 1, 1933, of the crime of "robbery armed, third felony." The offense of "robbery armed" is punishable by imprisonment for life or any term of years. Section 529 of the penal code, Act No. 328, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115-529, Stat. Ann. § 28.797). Southard was sentenced to serve a minimum term of 15 years and a maximum term of 25 years. Petitioner thereafter filed motions to vacate the sentence, to reduce the sentence, and various interlocutory motions, all of which were denied.

In this petition for a writ of habeas corpus, Southard alleges that "he is not committed or detained by virtue of any process, judgment, decree or execution specified in" 3 Comp. Laws 1929, § 15207 (Stat. Ann. § 27.2251). He then asserts that "such confinement is by virtue of a warrant of commitment issued out of the circuit court for the county of St. Clair, State of Michigan." Petitioner explains this inconsistency by the claim that the statutes under which he was sentenced, namely, "sections 8–12 of chapter 9" of the code of criminal procedure, same being 3 Comp. Laws 1929, §§ 17336–17340 (Stat. Ann. §§ 28.1080–28.1084), are unconstitutional in that there is unlawfully delegated to members of the judicial department of the State government power to fix a minimum term of imprisonment as a punishment for crime, which power resides exclusively in the legislature.

Petitioner's argument is based upon the proposition that, since section 8 of chapter 9 of the code fails to fix a minimum term of imprisonment for a first offense, sentence thereunder is illegal and his first conviction cannot furnish a basis for computing successive convictions under the habitual criminal act (section 10 *et seq., supra*).

In *Re Franks,* 297 Mich. 353, 355, the court said:

"And if it be assumed that sentencing petitioner as a fourth offender was *unlawful,* rather than irregular, still his right of review was by appeal, not by habeas corpus."

See authorities therein cited and *In re Spencer,* 252 Mich. 48, and *In re Moynahan,* 255 Mich. 497.

We have thus repeatedly held that habeas corpus will not be permitted to perform the functions of a writ of error. Petitioner does not question the validity of the habitual criminal act but confines his complaint to the validity of the indeterminate sentence law. Although his remedy is not by habeas corpus and his petition for that writ must be denied, we shall, however, in this instance re-examine the question of the constitutionality of the indeterminate sentence law. We do this in order that we may again show the futility of continued applications to this court, based upon the claim that the petitioner and others in like circumstances are illegally confined in State institutions.

The habitual criminal act was passed to provide a punishment for repeated commissions of felonies. *People* v. *Palm,* 245 Mich. 396. The act is concerned with prior convictions and not the sentences under those convictions. Southard makes no complaint of the validity of any of his three convictions.

The present indeterminate sentence law (3 Comp. Laws 1929, § 17336 [Stat. Ann. § 28.1080]) came into our criminal procedure by Act No. 136, Pub. Acts 1903, and has been amended by Act No. 184, Pub. Acts 1905, and Act No. 259, Pub. Acts 1921, and re-enacted in the code of criminal procedure, Act No. 175, Pub. Acts 1927. This section reads:

"When any person shall hereafter be convicted for the first time of crime committed after this act takes effect, the punishment for which prescribed

by law may be imprisonment in the State prison at Jackson, the Michigan reformatory at Ionia, the State house of correction and branch of the State prison in the upper peninsula, the Detroit house of correction, or any other prison, the court imposing sentence shall not fix a definite term of imprisonment, but shall fix a minimum term except as hereinafter provided. The maximum penalty provided by law shall be the maximum sentence in all cases except as herein provided and shall be stated by the judge in passing sentence. He shall before or at the time of passing such sentence ascertain by examination of such convict on oath, or otherwise, and by such other evidence as can be obtained tending to indicate briefly the causes of the criminal character or conduct of such convict, which facts and such other facts as shall appear to be pertinent in the case, he shall cause to be entered upon the minutes of the court.''

In *Re Lambrecht,* 137 Mich. 450, 456, decided in 1904, the court said:

''After the first act providing for indeterminate sentences was declared unconstitutional (*People* v. *Cummings,* 88 Mich. 249 [14 L. R. A. 285]), the people adopted a constitutional amendment authorizing such sentences. The present act was passed in accord with that amendment.'' (Referring to the 1903 act.)

*People* v. *Cummings* was decided in 1891 and dealt with the constitutionality of Act No. 228, Pub. Acts 1889. In that case the act was declared unconstitutional because the legislature attempted to confer judicial power with respect to length of imprisonment on an administrative body.

In 1902 (see Public Acts of 1903, p. 452), the people amended the Constitution of 1850 by adopting what was thereafter designated as article 4, § 47, which reads:

''The legislature may, by law, provide for the in-

determinate sentences, so-called, as a punishment for crime, on conviction thereof, and for the detention and release of persons imprisoned or detained on said sentences.''

This was carried over into the Constitution of 1908. Section 28 of article 5 of that Constitution reads:

''The legislature may provide by law for indeterminate sentences, so-called, as a punishment for crime, on conviction thereof, and for the detention and release of persons imprisoned or detained on said sentences.''

Pursuant to the constitutional amendment of 1902, the legislature in 1903 enacted an indeterminate sentence law. This law was upheld in *Re Manaca*, 146 Mich. 697. The 1905 amendment of this act was sustained in *People* v. *Cook*, 147 Mich. 127.

In *Re Leonard*, 137 Mich. 457, decided the same day as the *Lambrecht Case*, in affirming a minimum sentence of 10 years, the inherent power of the judiciary to fix the minimum term of imprisonment was recognized. The court said:

''Section 1 of the indeterminate sentence law contains a provision that in all cases where no minimum sentence is fixed by law, the court imposing sentence shall fix such minimum, which shall not be less than six months. Under this provision of the statute, the court was undoubtedly authorized to fix the minimum sentence—none being fixed in the statute prescribing the penalty for the offense of which petitioner was convicted—and the sentence is clearly valid.''

Petitioner argues that we have said, as late as in the case of *People* v. *Harwood*, 286 Mich. 96, that:

''Length of imprisonment for felony is for legislative determination and not subject to judicial supervision.''

See, also, *People* v. *Morris,* 80 Mich. 634, 637 (8 L. R. A. 685) ; *People* v. *Smith,* 94 Mich. 644 ; *People* v. *Whitney,* 105 Mich. 622 ; and *People* v. *Palm, supra.* This statement, repeated in all these cases, must be considered in the light of its context. In each of these cases it was argued that the penalty as fixed by the legislature constituted cruel and unusual punishment in violation of State and Federal Constitutions. None of these cases involved delegation of power.

In the *Palm Case* it was pointed out that the discretion of the trial court as to maximum sentences was taken away by a statute which imposed a mandatory life sentence in certain instances for fourth offenders. See 3 Comp. Laws 1929, § 17340 (Stat. Ann. § 28.1084).

It is interesting to note that former attacks upon the indeterminate sentence law have been on the ground that the statute deprived the courts of their discretionary power and delegated control over sentence either to administrative or executive bodies, in violation of constitutional safeguards. See *People* v. *Cummings, supra,* and *People* v. *Cook, supra.*

Objection to the delegation of the power of the judiciary over sentences was met by the constitutional amendment of 1902 (Const. 1850, art. 4, § 47, as amended, and Const. 1908, art. 5, § 28). The amendment did not take away the inherent judicial power to exercise discretion in the imposition of sentences. That power always resided in the judiciary and there it must remain until curtailed or removed by the legislature. Examination of the penalties imposed for various crimes, as shown in the penal code (Act No. 328, Pub. Acts 1931 [Comp. Laws Supp. 1940, § 17115–1 *et seq.,* Stat. Ann. § 28.191 *et seq.*]), indicate legislative recognition and adherence to the policy of the exercise of discretion

by the sentencing judge within the maximum limits therein imposed. This discretion extends to the amount of fine and imprisonment up to the statutory maximum and to the alternative of fine or imprisonment.

Blackstone comments on the inherent discretionary power of courts over amount of fines and length of imprisonment. See 2 Cooley's Blackstone (4th Ed.), book 4, chap. 29, p. 1510 *et seq.*

Prior to Act No. 175, Pub. Acts 1927 (code of criminal procedure), the minimum sentence for those imprisoned in the State prison, et cetera, was not less than six months in any case. Compare 3 Comp. Laws 1915, § 15859, and 3 Comp. Laws 1929, § 17336 (Stat. Ann. § 28.1080). The 1927 act permitted the trial judge to exercise his discretion in fixing the minimum term except in a case where this discretion was specifically denied. This enactment of a code of criminal procedure of necessity imposed a duty upon the sentencing judge to consider the limitations placed by the legislature upon penalties for specific crimes.

The policy expressed by the people, in providing by constitutional amendment for an indeterminate sentence law, directed the legislature to adopt a flexible law and the courts to fit the punishment in the exercise of their discretion to the needs of the particular case. In no other way could the will of the people be carried into effect. A discretion must be exercised in order to have indeterminate sentences. Such application of the law is not a violation of the constitutional inhibition against delegation of power.* As said in *Re Manaca, supra,* 703, 704, quoting *Dreyer* v. *Illinois,* 187 U. S. 71 (23 Sup. Ct. 28, 47 L. Ed. 79):

" 'Whether the legislative, executive and judicial

---

* See Const. 1908, art. 4.—Reporter.

powers of a State shall be kept altogether distinct and separate, or whether persons or collections of persons belonging to one department may, in respect to some matters, exert powers which, strictly speaking, pertain to another department of government, is for the determination of the State. And its determination one way or the other cannot be an element in the inquiry whether the due process of law prescribed by the Fourteenth Amendment has been respected by the State or its representatives when dealing with matters involving life or liberty. "When we speak," said Story, "of a separation of the three great departments of government, and maintain that that separation is indispensable to public liberty, we are to understand this maxim in a limited sense. It is not meant to affirm that they must be kept wholly and entirely separate and distinct, and have no common link of connection or dependence, the one upon the other, in the slightest degree. The true meaning is, that the whole power of one of these departments should not be exercised by the same hands which possess the whole power of either of the other departments; and that such exercise of the whole would subvert the principles of a free Constitution." 1 Story on the Constitution (5th Ed.), p. 393. Again: "Indeed, there is not a single Constitution of any State in the Union which does not practically embrace some acknowledgment of the maxim, and at the same time some admixture of powers constituting an exception to it." 1 Story on the Constitution (5th Ed.), p. 395.' "

In *Re Campbell,* 138 Mich. 597, 601, 602, the court said:

"Petitioner also urges that, as thus construed, the indeterminate sentence law is unconstitutional, because the 'imposition of a sentence is a judicial act,

and the exercise of discretion relative to the term of imprisonment is a judicial function,' which, under our Constitution, can be exercised only by certain specified courts. This argument assails the, constitutionality of characteristic and essential features of the indeterminate sentence law. We must hold that the constitutional amendment (see Pub. Acts 1903, p. 452) which gave the legislature express authority to enact such a law gave it authority to enact a law containing these features.''

We again hold that the indeterminate sentence law is constitutional.

Southard was convicted of the crime of ''robbery armed,'' for which he might have been sentenced ''for life or for any term of years.'' (Section 529, penal code [Comp. Laws Supp. 1940, § 17115–529, Stat. Ann. § 28.797]). As a third offender, on which charge he was also convicted, he might have been sentenced to imprisonment for life or for a term of not less than 7½ years. (Section 11, chap. 9, code of criminal procedure, 3 Comp. Laws 1929, § 17339 [Stat. Ann. § 28.1083]). He was sentenced to serve a minimum term of 15 years and a maximum term of 25 years.

Justice does not demand that Southard's sentence be vacated and he has presented no argument which moves this court to hold that his constitutional rights have been violated.

The writ of habeas corpus is denied.

SHARPE, C. J., and BOYLES, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred. McALLISTER, J., took no part in this decision.