## PEOPLE v AMOS

1. ESCAPE—SENTENCE—INDETERMINATE SENTENCE.

   The sentence imposed for the crime of escape from prison may be either definite or indeterminate (MCLA 750.193).

2. CRIMINAL LAW—SENTENCE—INDETERMINATE SENTENCE—PRESENTENCE REPORT.

   It is error for a trial court to impose an indeterminate sentence upon a defendant in a felony case without the assistance of a presentence report (MCLA 771.14).

3. CRIMINAL LAW—SENTENCE—PRESENTENCE REPORT.

   The duty of a sentencing court to fit the punishment to the needs of the particular case requires the court to acquaint itself with the background and character of the crime and of the defendant, and the presentence report is an indispensable tool in gathering the information (MCLA 771.14).

4. CRIMINAL LAW—SENTENCE—PRESENTENCE REPORT—WAIVER.

   The right of a defendant in a felony case to have the trial court examine a presentence report prior to sentencing cannot be waived (MCLA 771.14).

Appeal from Jackson, John C. Dalton, J. Submitted Division 2 May 10, 1972, at Lansing. (Docket No. 12910.) Decided August 30, 1972.

Curtis L. Amos was convicted, on his plea of guilty, of escape from prison. Defendant appeals. Remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 540.
[2] 21 Am Jur 2d, Criminal Law § 581.
[3, 4] 21 Am Jur 2d, Criminal Law § 303.

*Derengoski,* Solicitor General, and *Bruce A. Barton,* Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *Martin I. Reisig,* Assistant Defender, for defendant on appeal.

Before: GILLIS, P. J., and T. M. BURNS and TARGONSKI,* JJ.

T. M. BURNS, J. Defendant pled guilty to escaping from prison contrary to MCLA 750.193; MSA 28.390, and he now appeals.

The facts of this case are not materially in dispute. Defendant Amos was confined to Camp Pellston, a minimum security prison facility. Three inmates at the camp threatened the defendant with homosexual assaults. Defendant, in an attempt to resolve this problem, asked to speak with a prison counsellor. He was informed, however, that no counsellors were available. Apparently the defendant was unable to cope with the situation by himself. As a result, on August 18, 1971, defendant unlawfully fled from Camp Pellston in order to avoid the impending sexual assaults. Defendant was missing until he voluntarily surrendered himself to prison officials on August 27, 1971.

A complaint and warrant were issued charging the defendant with escape from prison in violation of MCLA 750.193; MSA 28.390. On September 21, 1971, defendant Amos was arraigned in Jackson County Circuit Court on the escape charge.

At the arraignment, defendant entered a plea of guilty and at his request was promptly sentenced.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

When the court imposed sentence, it informed the defendant of his right to have a presentence report prepared or in the alternative to explain through a letter any mitigating circumstances leading to his escape.

Defendant made a limited attempt to explain his reason for leaving Camp Pellston when he informed the court that he was under a "whole lot of stress". At that time the court again suggested a presentence investigation which defendant refused. The court thereupon, without the assistance of a presentence report, acquiesced in the defendant's request and imposed an indeterminate sentence of from 1-1/2 to 5 years imprisonment.

On appeal the defendant raises two issues: (1) Was it proper for the trial court to sentence the defendant to an indeterminate term for the crime of escape from prison?, and (2) Was it proper for the trial court to sentence the defendant without the assistance of a presentence report? We will discuss the issues in the order presented.

1. *Was it proper for the trial court to sentence the defendant to an indeterminate term for the crime of escape from prison?*

Upon his plea of guilty to escaping from prison contrary to MCLA 750.193; MSA 28.390, defendant was sentenced to an indeterminate term of from 1-1/2 to 5 years imprisonment.

The defendant asserts that he was entitled to be sentenced for a definite term rather than to an indeterminate term.

This contention lacks merit. The sentence imposed for the crime of escape may be either definite or indeterminate. *People v Bowns,* 39 Mich App 424 (1972), and *People v Newsum,* 39 Mich App 601 (1972).

We hold, therefore, that the trial court did not

err by sentencing the defendant to an indeterminate term for the crime of escape from prison.

2. *Was it proper for the trial court to sentence the defendant without the assistance of a presentence report?*

The record of the case at bar reveals that the trial court imposed sentence upon the defendant without the benefit of any presentence report.

Plaintiff argues that a sentencing court is under no obligation to obtain and review a presentence report before the imposition of sentence in felony cases.

Plaintiff relies upon *People v Alexander,* 17 Mich App 497 (1969). In *Alexander* the sentencing judge relied on an outdated presentence report. This Court upheld the procedure holding *inter alia* that the literal language of the statute requiring the preparation of presentence reports was not violated since a report was prepared, albeit outdated.

In the case at bar, the statute was not complied with since no presentence report was prepared or relied upon by the sentencing court. Moreover, *Alexander* did not touch upon the question which confronts us in the instant case, namely, may a court sentence a defendant without the benefit of *any* presentence report? Thus *Alexander* is distinguishable from the present case and therefore not controlling on this issue.

On the other hand, it is the defendant's contention that the statute governing the powers of a judge to sentence, MCLA 769.1 *et seq;* MSA 28.1072 *et seq,* read in conjunction with the statute relating to the preparation of presentence reports, MCLA 771.14; MSA 28.1144, requires a sentencing court to obtain and to review a presen-

tence report before it imposes an indeterminate sentence in a felony case. We agree.

A bit of history will help us to resolve the question. In 1927, the original statute relating to presentence investigation provided in pertinent part:

"Every probation officer *when so directed by the court* shall inquire into the antecedents, character and circumstances of any person or persons accused within the jurisdiction of such court, and shall report thereon in writing to such court or magistrate." 1927 PA 175, ch XI, § 14. (Emphasis supplied.)

The language of this statute indicates that a presentence report was to be prepared only in those cases wherein the sentencing court so requested. It was optional with the court whether a presentence report would be prepared in any given case before sentence was imposed.

However, four years later, in 1931, the 1927 statute, *supra,* was amended by the Legislature to read:

"Before sentencing any person charged with a felony and, if directed by the court, in any other case where any person is charged with a misdemeanor within the jurisdiction of the court, the probation officer *shall* inquire into the antecedents, character and circumstances of such person or persons, and *shall* report thereon in writing to such court or magistrate." 1931 PA 308, ch XI, § 14. (Emphasis supplied.)

Viewed historically in this manner, it is clear that the judicial prerogative of determining whether or not a presentence report would be prepared was replaced by a statutory mandate which requires that such a report be made in all felony cases before sentence is imposed.

Moreover, the appellate courts of this state have

been quick to take cognizance of this presentence report obligation. In *Wayne Circuit Judges v Wayne County,* 15 Mich App 713, 725–726 (1969), this Court, in affirming a mandamus action brought against the Wayne County Board of Supervisors for their failure to provide the Wayne County Circuit Court with funds necessary to hire an adequate number of probation officers, noted:

"The legislature requires a presentence report prepared by a probation officer to be delivered to the sentencing judge before he sentences a person 'charged' with a felony and authorizes a court to direct the preparation of such a report for a person charged with a misdemeanor.

\* \* \*

"We take it that the legislature intended that the presentence reports be prepared expeditiously, yet comprehensively, to the end that a convicted person be sentenced promptly after conviction and the sentencing judge be fully informed regarding the background of the case and of the convicted person."

On appeal to the Michigan Supreme Court, the Court of Appeals was reversed on other grounds. See 383 Mich 10 (1969). However, in that opinion the Supreme Court observed at p 25:

"By statute, MCLA § 771.14 (Stat Ann 1954 Rev § 28.1144), a court is required to obtain the report of a probation officer before pronouncing sentence in certain cases."

On rehearing the decision of the Court of Appeals was affirmed. See 386 Mich 1 (1971).

In yet another case, *People v Moton,* 25 Mich App 383, 385 (1970), defendant contended that the sentencing judge erred in basing his sentencing information on allegedly erroneous facts appearing in the presentence report. Without determining

the accuracy of the information in the presentence report, this Court affirmed the conviction by concluding:

"The court has not only authority but also a duty to obtain a presentence report before sentencing for a felony, MCLA 771.14 (Stat Ann 1954 Rev § 28.1144). The use of such reports and the secrecy aspects of them are well recognized. * * * We do not reverse because there was neither legal error nor lack of care by the trial judge in the sentencing process."

Both the legislative history and the mandatory language of the statute coupled with the foregoing judicial decisions lead us to the obvious conclusion that a sentencing judge is obligated to obtain and review a presentence report prior to the imposition of an indeterminate sentence in a felony case.

Although MCLA 771.14; MSA 28.1144 requires the preparation of a presentence report before imposition of sentence in all felony cases, the facts of this case limit us to a consideration of only those felony cases wherein the defendant receives an indeterminate sentence.

We hold, therefore, that it was error for the trial court to impose an indeterminate sentence upon the defendant without the assistance of any presentence report.

We next turn our attention to the question of whether a defendant can waive the presentence report.

Without conceding that trial courts have a duty to procure and review presentence reports before imposing indeterminate sentences upon felons, the plaintiff submits that in any event defendant waived his right to a presentence report. Plaintiff's position is bottomed upon the following colloquy which took place between the court and the de-

fendant shortly after his plea of guilty was accepted and immediately before sentence was imposed.

"*The Court:* Now I must explain the presentence procedures to you here.

"If you have any extenuating circumstances to bring to the court's attention to assist me in determining a fair minimum term to impose here, why, the way to do it is through a presentence investigation.

"Now, you can either have a formal presentence investigation made by the adult probation department or you can waive a formal presentence investigation and request that I make my own investigation into this matter. And if you did do that, I would want you to go back to prison and sit down and write me a letter and tell me any extenuating circumstances that there are that you think I should consider in your behalf in determining the minimum term; or you can waive any and all presentence investigation procedures and request that I pass sentence on you today.

"You have to make up your own mind on that. I can't help you with that. Which do you want to do?

"*Defendant:* I would like to just get it all over with today.

"*The Court:* You want to waive all presentence procedures and be sentenced today, is that correct?

"*Defendant:* Yes, sir.

"*The Court:* All right. Why did you leave Camp Pellston?

"*Defendant:* I was under a whole lot of stress. I left and came back to Jackson and give myself up.

"*The Court:* Well, I can't tell you what to do. Why don't you let me get a formal presentence investigation in this matter or let me get my own presentence investigation? And you go back and write me a letter and tell me about it.

"Any sentence I impose will be retroactive until today.

"Now perhaps there might be some reasons that the minimum term would be fixed for a lesser term than usually it is. I think, seeing you are not represented by an attorney, I am duty bound to tell you that if you

want a formal presentence investigation instead, that way you can bring to the attention of the adult probation department investigator that will come out to see you any extenuating circumstances.

"Or if you want me to make it, you can ask me to make it and go back and write me a letter and tell me what the circumstances are.

"*Defendant:* Yes, sir.

"*The Court:* What do you want to do?

"*Defendant:* Sir, there is no way I can get it over with today?

"*The Court:* If you insist, I think I can. All right. If you want to get it over with today, we will get it over with today.

"Do you want to waive everything and have me sentence you now?

"*Defendant:* Yes, sir."

Assuming that a waiver of the presentence report is present on the record, and it would seem so, this Court must yet come to grips with the question of whether a felon can waive his right to a presentence report.

In order to determine whether or not a presentence report may be waived, we must briefly examine its function.[1]

The avowed goal of our penal system is the rehabilitation of the criminal. The resultant benefits to the criminal and to the public are well recognized. As a first step toward achieving this objective, the courts of this state are required to fit the punishment to the needs of the particular case. *In re Southard,* 298 Mich 75 (1941), and *People v Earegood,* 383 Mich 82 (1970). Consequently, it is incumbent upon the sentencing

---

[1] For an excellent discussion of the significance of the presentence report see Professor Samuel Dash's paper "Sentencing and Post-Conviction Remedies" given at the Seventh Plenary Session of the National Conference of the Judiciary held in Williamsburg, Virginia, March 11–14, 1971.

court, in order to discharge this duty with any degree of success, to fully acquaint itself with the background and character of the case and of the defendant.

The presentence report is an indispensible tool for use by the sentencing court in gathering the requisite information necessary for the individualization of punishment. For example, the presentence report informs the court of any extenuating circumstances which led up to the commission of the crime. Moreover, the report delves into the background and character of the defendant, thereby assisting the court in distinguishing between those defendants who show little or no prospect of rehabilitation and those whose habits and attributes reveal a minimal need for correction.

It is clear that to permit the waiver of the presentence report would be to deny to the sentencing court most of the vital information it requires to intelligently individualize the punishment in each case. Sentencing a defendant without an adequate knowledge of his needs would thereby reduce the sentencing process from a first step toward rehabilitation to the dignity of a game of chance. This is a totally unacceptable procedure under our system of criminal jurisprudence which emphasizes the rehabilitation of the criminal and not retribution from the criminal.

In short, the presentence report is not a right which can be waived to gain some tactical advantage. It is a necessary prerequisite for the rehabilitation of the criminal element in our society. Viewed in this manner, it is difficult to discover any circumstances wherein the presentence report may be waived.

We hold, therefore, that the presentence report

may not be waived. The case is remanded for imposition of sentence after the trial court has had an opportunity to review defendant's presentence report.

All concurred.