PEOPLE v AMOS (ON REHEARING)

OPINION OF THE COURT

1. CRIMINAL LAW—SENTENCE—PRESENTENCE REPORT—WAIVER. .
    A criminal defendant has the power to waive his statutory right
    to have the trial court examine a presentence report prior to
    sentencing (MCLA 771.14).

DISSENT BY T. M. BURNS, J.

2. CRIMINAL LAW—SENTENCE—INDETERMINATE SENTENCES—PRESEN-
    TENCE REPORT—WAIVER.
    *A criminal defendant should not be permitted to waive the
    preparation of a presentence investigation report and frustrate
    the policy behind indeterminate sentencing, because the right
    affects both the defendant and public at large and is not some
    abstract right that is subject to waiver (MCLA 769.8, 771.14).*

Appeal from Jackson, John C. Dalton, J. Submitted Division 2 May 10, 1972, at Lansing. (Docket No. 12910.) Decided February 2, 1973.

Curtis L. Amos was convicted, on his plea of guilty, of escape from prison. Defendant appealed. Remanded for resentencing. On rehearing, affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Bruce A. Barton,* Prosecuting Attorney, for the people.

*Allan C. Miller,* Assistant State Appellate Defender, for defendant.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 219.

Before: J. H. GILLIS, P. J., and T. M. BURNS and TARGONSKI,* JJ.


ON REHEARING


J. H. GILLIS, P. J. This case is before us on rehearing. The facts and circumstances are fully set forth in our prior opinion at 42 Mich App 629 (1972).

Therein we held that MCLA 771.14; MSA 28.1144, makes mandatory the preparation of a presentence report before imposition of sentence. We held further that defendant was powerless to waive his statutory right to have the report prepared.

On rehearing, we do not reach the question whether the preparation of the report is mandatory. Assuming *arguendo* that it is, we are nevertheless convinced that a defendant does have the power to waive a statutory right.

It is not seriously questioned that a defendant has the power to waive *constitutional* rights, provided he does so intelligently, understandingly and voluntarily. *Johnson v Zerbst,* 304 US 458, 464; 58 S Ct 1019, 1023; 82 L Ed 1461, 1466 (1938); *Carnley v Cochran,* 369 US 506; 82 S Ct 884; 8 L Ed 2d 70 (1962); *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969). See, *e.g., People v Jaworski,* 387 Mich 21 (1972). Constitutional rights take precedence over statutory rights. US Const, Art VI, § 2. See also 16 Am Jur 2d, Constitutional Law, § 50, pp 221–223.

If a defendant has the power to waive rights deemed to be of constitutional dimensions, *a forti-*

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

*ori* he has the power to waive a right deemed of lesser importance, *i.e.,* a statutory right.

There is no question on this record that the waiver herein was made intelligently, understandingly and voluntarily. Accordingly, we affirm.

Targonski, J., concurred.

T. M. Burns, J. *(dissenting).* Upon conviction, the trial court is required to fit the punishment to the needs of the particular defendant. *In re Southard,* 298 Mich 75 (1941); *People v Earegood,* 383 Mich 82 (1970). Within certain limitations, the sentencing judge possesses absolute discretion in setting such punishment. *Cummins v People,* 42 Mich 142, 144 (1879); *People v Malkowski,* 385 Mich 244, 247–248 (1971). Vesting the trial court with this awesome power must necessarily rest on the premise that the sentencing judge is the best informed and the best equipped to properly and intelligently discharge the sentencing function.

Consequently, the Legislature sought to insure that the sentencing judge would be well informed prior to the imposition of sentence by requiring the preparation of a presentence report before the imposition of sentence in a felony case. 1931 PA 308 Ch XI, § 14; *Wayne Circuit Judges v Wayne County,* 383 Mich 10, 25 (1969); *People v Moton,* 25 Mich App 383, 385 (1970). This is borne out by strong and clear statutory language which provides in pertinent part:[1]

"Before sentencing any person charged with a felony * * * the probation officer *shall* inquire into the antecedents, character and circumstances of such person or persons, and shall report thereon in writing to such court or magistrate." (Emphasis supplied.)

The significance of the presentence examination

---

[1] MCLA 771.14; MSA 28.1144.

and report in the sentencing process cannot be
overemphasized. By delving into the circumstances
of the crime and the character and background of
a convicted felon, the report serves two purposes:
(1) it allows a defendant to show the court any
mitigating circumstances which led up to the com-
mission of the crime and more importantly (2) the
report assists the sentencing court in differentiat-
ing between those defendants who show little or
no prospect of rehabilitation and those whose at-
tributes demonstrate a minimal need for correc-
tion.

Even though the foregoing discussion is rela-
tively brief, it is readily apparent that not only is
the presentence examination and report a right
owing both to the defendant and to the people but
it is also by legislative mandate and good common
sense a necessary prerequisite to the intelligent
individualization of punishment and thus also be-
comes a condition precedent to the proper opera-
tion of the indeterminate sentencing law of this
state. Accordingly, a defendant should not be per-
mitted to waive the preparation of a presentence
investigation report and thereby frustrate the pol-
icy and purposes behind indeterminate sentencing.
Merely because a right exists, it does not automat-
ically follow that it can be waived especially
where, as here, the right affects both the defend-
ant and public at large. In short, the right to a
presentence report is not some abstract right that
is subject to waiver.

In my opinion the trial court erred in two re-
spects. It sentenced the defendant without the
benefit of any presentence report, and it permitted
the defendant to waive the preparation of the
report.

I vote to remand the case for resentencing after
the trial court has had an opportunity to review
the defendant's presentence report.