PEOPLE v BROWN

1. JURY—VOIR DIRE—DISCRETION—COURT RULES.

The examination of prospective jurors may be conducted by the court or, in its discretion, by the attorneys (GCR 1963, 511.3).

2. JURY—VOIR DIRE—DISCRETION.

The scope of voir dire examination of jurors rests largely in the discretion of the trial judge and his decision will not be set aside absent an abuse of discretion.

3. JURY—VOIR DIRE—PURPOSE.

The purpose of the voir dire is to enable the attorneys to elicit sufficient information to develop a rational basis for excluding veniremen, whether for cause or by peremptory challenges.

4. JURY—VOIR DIRE—PREJUDICE—BIAS.

A trial judge did not act arbitrarily when he denied defense counsel the right to query the jurors with regard to defendant's right to remain silent and the presumption of innocence but instead stated what the law expected of jurors and then asked if they could conform to its dictates.

5. JURY—VOIR DIRE—ERRORS—WAIVER.

A party may not belatedly object to the process of selecting a jury if he has expressed his satisfaction with the jury, because any claimed error was waived.

6. JURY—VOIR DIRE—INSTRUCTIONS TO JURY.

A Court of Appeals panel is reluctant to fashion a per se rule which totally precludes a trial court during a voir dire from instructing the veniremen as to the applicable law and inquiring if everyone is willing to apply the stated principles during the course of their deliberations.

7. CRIMINAL LAW—FELONY—PRESENTENCE REPORT—WAIVER.

A defendant may waive his statutory right to a presentence

---

REFERENCES FOR POINTS IN HEADNOTES

[1–6] 47 Am Jur 2d, Jury § 195 *et seq.*
[7] 21 Am Jur 2d, Criminal Law § 527 *et seq.*

report in a felony case when such a waiver is made intelligently, understandingly and voluntarily (MCLA 771.14).

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted Division 1 March 13, 1973, at Detroit. (Docket No. 14306.) Decided April 25, 1973. Leave to appeal granted, 390 Mich 762.

Lewis C. Brown was convicted of assault with intent to do great bodily harm. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Sidney Kraizman,* for defendant on appeal.

Before: FITZGERALD, P. J., and V. J. BRENNAN and O'HARA,* JJ.

O'HARA, J. Defendant Lewis Calvin Brown was convicted by a Recorder's Court jury of the offense of assault with intent to do great bodily harm, contrary to MCLA 750.84; MSA 28.279. He was sentenced to five to ten years in prison. He appeals on leave granted.

The defendant's first objection pertains to conduct of the voir dire. He asserts that the trial court violated the clear mandate of *People v Milkovich,* 31 Mich App 582 (1971), by interrupting counsel's questions concerning the jurors' feelings about defendant's right to remain silent and the presumption of innocence. It is contended that

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

once the trial court instructed the jury on the applicable law and asked if the veniremen were willing to follow its charge that the damage was done. Few veniremen, we are assured by defendant, would be likely to admit an unwillingness to comply with the judicial mandate. Further questioning by defense counsel allegedly would have been fruitless.[1]

On a prior occasion when this Court was faced with a similar fact situation, we observed that:

"The posed question purports to inquire as to the state of mind of the juror, but really involves a statement of legal principle. There are several approaches in the courts of other States to this problem of *voir dire* interrogation involving rules of law. For a recent compilation, see 99 ALR2d 1 [7] and 50 CJS, Juries, § 275. One of the preferred methods is to have the court briefly outline the rules of law covered in the *voir dire* requests, and then ask the jurors if they would and could follow such instructions. *Clem v State,* (1958), 166 Tex Crim 429 (314 SW2d 579). Any other course is likely to result in undue repetition of certain rules." *People v Lambo,* 8 Mich App 320, 325, (1967).

By virtue of GCR 1963, 511.3 the examination of prospective jurors may be conducted by the court or, in its discretion, by the respective attorneys. The general rule is that the scope of voir dire examination of jurors rests largely in the discretion of the trial judge and his decision will not be set aside absent an abuse of discretion. *Corbin v Hittle,* 34 Mich App 631 (1971). The purpose of the voir dire is to enable the attorneys to elicit sufficient information as is necessary to develop a rational basis for excluding veniremen (whether for cause or by peremptory challenges). 2 Honig-

---

[1] Later in the proceedings defense counsel did ask the veniremen whether any of them believed the fact that defendant was charged with a crime meant he must be guilty.

man & Hawkins, Michigan Court Rules Annotated (2d ed), p 465. The scope of the voir dire herein was broad enough to enable counsel to obtain the information necessary to exercise defendant's challenges.

Much of the voir dire was personally conducted by the trial judge. He covered the subject areas which one would expect to be of greatest concern to counsel. When two potential jurors made positive responses to certain questions the trial judge carefully interrogated them with respect to possible disqualifying factors which their initial responses might indicate the existence of. Both veniremen were asked if they could afford defendant a fair and impartial trial based upon the evidence adduced at trial. They responded in the affirmative.[2] Moreover, the trial court asked *all* jurors whether they knew of any reason which would preclude them rendering a fair and impartial verdict in the case at hand. In *People v Lockhart,* 342 Mich 595 (1955), the identical questions were asked by the trial court and the jurors' responses were held to reveal a want of prejudice. There the Supreme Court concluded the trial judge did not abuse his discretion in refusing to ask a certain question of the veniremen. *Lockhart, supra,* pp 599–600. By analogy, we think the trial judge did not act arbitrarily when he denied counsel the right to query the jurors with regard to two specific matters. Instead he stated what the law expected of jurors and then asked if they could conform to its dictates. This was proper. Furthermore, a party may not belatedly object to the process of selecting a jury if he has expressed his satisfaction with the jury. Any claimed error was

[2] Defense counsel exercised a peremptory challenge to excuse one of these jurors.

waived. *People v Perez,* 22 Mich App 469 (1970); *Poeple v Duerson,* 35 Mich App 223 (1971).

We decline to follow *People v Milkovich, supra.* We find it difficult to reconcile *Milkovich* with prior decisions of our Court with respect to the scope of discretion entrusted to the trial judge in conducting the voir dire. We are reluctant to fashion a per se rule which totally precludes the trial court from instructing the veniremen as to the applicable law and inquiring if everyone was willing to apply the stated principles during the course of their deliberations.

Defendant's final claim revolves around the presentence report. He claims that MCLA 771.14; MSA 28.1144, makes a presentence report mandatory in all felony cases. He asserts that even if it can be said that defendant had the power to waive the presentence report, this waiver must have been a nullity because the record indicates that defendant was under a misapprehension as to the purpose of such a report.

In *People v Amos,* 42 Mich App 629 (1972), this Court held that MCLA 771.14, *supra,* requires the preparation of a presentence report in at least all felony cases wherein the defendant receives an indeterminate sentence. This Court further held that the right of a defendant to have this presentence report prepared could not be waived.

A petition for rehearing was granted, however, and on February 2, 1973, a new opinion was filed in this case. In this opinion the majority (Judge J. H. GILLIS and Judge TARGONSKI), in an opinion authored by the former, states, and we adopt as the holding of this case:

"On rehearing, we do not reach the question whether the preparation of the report is mandatory. Assuming *arguendo* that it is, we are nevertheless convinced that

a defendant does have the power to waive a statutory right.

"It is not seriously questioned that a defendant has the power to waive *constitutional* rights, provided he does so intelligently, understandingly and voluntarily. *Johnson v Zerbst,* 304 US 458, 464; 58 S Ct 1019, 1023; 82 L Ed 1461, 1466 (1938); *Carnley v Cochran,* 369 US 506; 82 S Ct 884; 8 L Ed 2d 70 (1962); *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969). See *e.g., People v Jaworski,* 387 Mich 21 (1972). Constitutional rights take precedence over statutory rights. U S Const, Art VI, § 2. See also 16 Am Jur 2d, Constitutional Law, § 50, pp 221–223.

"If a defendant has the power to waive rights deemed to be of constitutional dimensions, *a fortiori* he has the power to waive a right deemed of lesser importance, *i.e.,* a statutory right.

"There is no question on this record that the waiver herein was made intelligently, understandingly and voluntarily. Accordingly, we affirm." *People v Amos (On Rehearing),* 44 Mich App 484, 485–486 (1973).

All concurred.