PEOPLE v BROWN

Opinion of the Court

1. Jury—Voir Dire—Criminal Law—Appeal and Error.

Defense counsel must be considered to have waived any defects in the process of jury selection where the transcript of the voir dire examination shows that he was ultimately permitted to ask such questions as he deemed necessary to determine how best to exercise his challenges, and that he acquiesced in, or expressed satisfaction with, the way the trial court handled the questions asserted as error on appeal.

2. Criminal Law—Presentence Report—Waiver—Public Policy.

Public policy precludes recognition of a waiver by a defendant of his right to a presentence report.

3. Criminal Law—Felonies—Sentences—Presentence Report— Statutes.

The statute governing the powers of a judge to sentence read in conjunction with the statute relating to the preparation of presentence reports requires a sentencing court to obtain and to review a presentence report before it imposes an indeterminate sentence in a felony case (MCLA 769.1 *et seq.,* 771.14).

4. Criminal Law—Felonies—Sentences—Indeterminate Sentences —Presentence Report—Appeal and Error.

A sentencing judge is obligated to obtain and review a presen-

---

References for Points in Headnotes

[1] 47 Am Jur 2d, Jury §§ 201, 202.

Right of counsel in criminal case personally to conduct the voir dire examination of prospective jurors. 73 ALR2d 1187.

[2–11, 13] 21 Am Jur 2d, Criminal Law §§ 303, 324, 337, 584, 585.

29 Am Jur 2d, Evidence § 328.

39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 26, 27.

Defendant's right to disclosure of presentence report. 40 ALR3d 681.

Court's right, in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant. 96 ALR2d 768.

[3] 21 Am Jur 2d, Criminal Law §§ 540, 581, 592, 614.

[12] 21 Am Jur 2d, Criminal Law § 219.

tence report prior to the imposition of an indeterminate sentence in a felony case and it is error for a trial judge to impose an indeterminate sentence upon a defendant without the assistance of any presentence report.

5. CRIMINAL LAW—INDETERMINATE SENTENCES—PRESENTENCE REPORT —WAIVER.

The presentence examination and report is a right owing both to the defendant and to the people but it is also by legislative mandate and good common sense a necessary prerequisite to the intelligent individualization of punishment and thus also becomes a condition precedent to the proper operation of the indeterminate sentencing law of the State of Michigan; accordingly, a defendant should not be permitted to waive the preparation of a presentence investigation report and thereby frustrate the policy and purposes behind indeterminate sentencing.

6. CRIMINAL LAW—PRESENTENCE REPORT—WAIVER—PROBATION.

The practice whereby a judge, knowing he is going to order probation, asks the defendant if he wishes to waive the presentence report so that he may be sentenced immediately and the defendant, usually on the advice of counsel, knowing that probation will ensue and that he will not be incarcerated, waives the report, cannot be squared with the intent of the Legislature in mandating presentence reports.

7. CRIMINAL LAW—ASSAULT WITH INTENT TO HARM—SENTENCES— PRESENTENCE REPORT—APPEAL AND ERROR.

Sentencing a defendant for the crime of assault with intent to do great bodily harm without first obtaining a presentence report was error.

8. CRIMINAL LAW—SENTENCES—PRESENTENCE REPORT—RULE OF CASE —APPLICATION.

The rule that a criminal defendant may not waive his right to a presentence report will be applied only to those cases now on appeal in which the issue has been preserved and those charges made on or after the date of the opinion articulating the rule, December 19, 1974.

DISSENTING OPINION

T. M. KAVANAGH, C. J.

See headnote 4.

9. CRIMINAL LAW—ASSAULT WITH INTENT TO DO GREAT BODILY HARM
   —SENTENCES.

   *A trial judge did not consider materially false information in
   determining the length of the sentence for a defendant con-
   victed of assault with intent to commit great bodily harm
   where the police report on defendant had three references to a
   single prior conviction, and the trial judge used the plural
   phrase "similar charges" in referring to defendant's record, but
   where a review of the entire sentencing colloquy shows that the
   trial judge was aware that the prior conviction was single.*

10. CRIMINAL LAW—SENTENCES—PRESENTENCE REPORT.

    *There is no basis for believing that a defendant's request for
    immediate sentencing in lieu of awaiting the preparation of a
    presentence report was other than intelligently, understand-
    ingly, or voluntarily made where both the trial judge and his
    attorney advised him of his right to such a report.*

11. CRIMINAL LAW—SENTENCES—PRESENTENCE REPORTS—WAIVER—
    STATUTES.

    *The Legislature intended by the indeterminate sentencing statute
    to require that trial judges in passing sentence be aware of
    information pertinent to the case and by a statute providing for
    presentence reports to provide them with a source of this
    information, relegating the responsibility for the gathering of
    this information to the probation officials; when this evidence is
    already before the court, and a counseled defendant requests
    immediate sentencing, it is not error for a trial judge to accept
    a waiver of the presentence report (MCLA 769.8, 771.14).*

12. CRIMINAL LAW—RIGHTS—WAIVER—CONSTITUTIONAL LAW—STAT-
    UTES.

    *Just as a defendant charged with a crime is permitted to waive
    the protections guaranteed by the Constitution, he may waive
    rights provided by statutes so long as he does so in an intelli-
    gent, understanding and voluntary manner.*

13. CRIMINAL LAW—SENTENCES—PRESENTENCE REPORT—WAIVER.

    *In cases where the trial judge is adequately informed about a
    defendant's prior record, a waiver of the presentence report has
    no appreciable effect on society's interests; the trial judge is
    required to consider the interests of society during his discre-
    tionary determination of punishment, and it is the duty of the
    prosecutor to represent these interests at sentencing.*

Appeal from Court of Appeals, Division 1, Fitz-

gerald, P. J., and V. J. Brennan and O'Hara, JJ., affirming Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted April 3, 1974. (No. 7 April Term 1974, Docket No. 54,909.) Decided December 19, 1974.

46 Mich App 592 affirmed in part.

Lewis C. Brown was convicted of assault with intent to do great bodily harm. Defendant appealed to the Court of Appeals. Affirmed. Defendant appeals. Conviction affirmed, sentence set aside, and remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Sidney Kraizman,* for defendant on appeal.

T. G. KAVANAGH, J. On March 12, 1971, the defendant, Lewis Calvin Brown was convicted of the offense of assault with intent to do great bodily harm.[1] On the same day after defendant had requested an immediate sentence, the trial judge, without obtaining a presentence report, sentenced the defendant to five to ten years in prison.

On appeal two issues are raised: (1) was there improper conduct by the trial court during voir dire, and (2) can defendant waive his right to a presentence report?

The conduct complained of in the first issue is that the court precluded defense counsel from examining fully the venire in the following partic-

---

[1] MCLA 750.84; MSA 28.279.

ulars: (1) Defense counsel inquired of one venire-person what verdict he had reached in two previous trials. The court refused to allow the question. (2) Counsel asked another venireperson if she, while deliberating, would consider the fact that the defendant had not testified. Upon objection by the prosecutor the judge set forth the defendant's right to silence in the form of a hypothetical instruction. This was done in the jury's presence. (3) Counsel asked the assembled venirepersons if they believed a crime was committed because the defendant was charged with its commission. The court interrupted and instructed on the presumption of innocence.

According to defendant, separately or all together these actions on the part of the court amounted to reversible error.

With regard to the court's refusal to permit the juror to be questioned about the verdicts reached in other trials, defense counsel made no objection to the court's ruling but appeared to acquiesce in it. We regard counsel's statement, "Very well, I'm sorry", and his immediate pursuit of another line of inquiry as indicative of acceptance of the ruling. In any event, we are not persuaded that it was error to prevent questioning about prior verdicts under the circumstances of this case.

Counsel elected to withdraw the question about the jurors' attitude on the election of a defendant not to take the stand, and consequently there was no ruling on it by the trial court which a reviewing court could consider.

Defense counsel's specific expression of satisfaction with the way the court treated the question put generally to all of the jurors, whether the fact that the defendant was charged with a crime caused them to believe that a crime was in fact committed, obviates this issue, too.

We are persuaded from a careful reading of the transcript of the voir dire examination that defense counsel was ultimately permitted to ask such questions as he deemed necessary to determine how best to exercise his challenges, and that he must be considered to have waived any defects in the process of their selection.

The Court of Appeals reached the same result on this issue, but because it is not clear that they did so for this reason, we think it in order to point out that our affirmance of their decision on this issue should not be read as concurrence in their reasoning.

On the first issue we find no error and affirm the Court of Appeals.

The record shows clearly that after spending 11 months in the Wayne County Jail the defendant was anxious to be someplace else. He expressed the desire to be sentenced without the delay attendant upon preparation of a presentence report and expressly waived his right to have such report prepared.

The people maintain that since the defendant can waive his constitutional rights he surely has the power to waive his statutory rights such as this one.

Without debating the accuracy of that proposition as a matter of abstract law, we hold that public policy precludes recognition of such waiver.

Judge THOMAS M. BURNS wrote in *People v Amos,* 42 Mich App 629; 202 NW2d 486 (1972), that it is error to sentence a defendant for conviction of a felony without the assistance of a presentence report and that a defendant may not waive the presentence report.

On rehearing of that case, 44 Mich App 484; 205 NW2d 274 (1973), Judges JOHN H. GILLIS and

VICTOR TARGONSKI withdrew their concurrence with Judge BURNS and concluded that the presentence report could be waived. Judge BURNS in dissent reiterated his conviction that the presentence report could not be waived.

We are satisfied that the reasoning of Judge BURNS in his opinion for the panel at 42 Mich App 629 beginning at 632 and in his dissent in 44 Mich App 484, at 486–487, correctly and comprehensively sets forth the correct rule and the reasons supporting it.

We are not unaware that a practice has been developing whereby a judge, knowing he is going to order probation, asks the defendant if he wishes to waive the presentence report so that he may be sentenced immediately. The defendant, usually on the advice of counsel, knowing that probation will ensue and that he will not be incarcerated, waives the report.

We cannot square this practice with what we perceive to be the intent of the Legislature in mandating presentence reports.

As noted by Judge BURNS, the 1927 statute[2] which ·inaugurated the practice of presentence reports, provided that the trial court had discretion as to whether or not to order presentence report. Our present statute[3] provides that before sentencing of any person charged with a felony, a probation report *shall* be made, and if a sentence of imprisonment be imposed a copy of the report *shall* accompany the commitment papers, or if imprisonment or fine or probation or "other disposition" (presumably a suspended sentence) is ordered, two copies of the report *shall* be filed with the Department of Corrections. We have under-

[2] 1927 PA 175, ch XI, § 14.

[3] MCLA 771.14; MSA 28.1144.

scored the word "shall" to illustrate why we regard this as a mandate.

We are satisfied that the statute bespeaks a conviction that our criminal justice system is better served by requiring that a judge who is about to sentence a person have the information contained in a presentence report before making the decision whether to put that person on probation, fine or imprison him. It would militate against this conviction to recognize a right to waive the requirement even if the prosecutor, judge and defendant deemed it expedient in a particular case, for the Legislature, speaking for all the people, has ordained otherwise.

This is not to say that in a case where probation seems likely a person need be kept in jail while the report is prepared. Release on personal recognizance pending the preparation of the report is available to the court and would avoid incarceration, at least temporarily, and would permit the submission of the information to the sentencing judge before sentence is ultimately imposed as the Legislature intended.

Accordingly, we hold that it was error to sentence defendant in this case without first obtaining a presentence report.

The defendant's conviction is affirmed, but the sentence is set aside and the matter remanded for resentencing.

We will apply the rule articulated in this case only to those cases now pending on appeal in which this issue has been preserved and to those cases resulting from charges made on and after the date of this opinion.

SWAINSON, WILLIAMS, LEVIN, and M. S. COLEMAN, JJ., concurred with T. G. KAVANAGH, J.

T. M. Kavanagh, C. J. *(dissenting)*. Defendant Lewis Calvin Brown raises two issues in this attack on his 1971 conviction for assault with intent to commit great bodily harm[1] which arose out of a stabbing incident in a Detroit bar. Tried in Recorder's Court, defendant was found guilty by a jury on March 12, 1971, and later that same day sentenced to a term of from five to ten years in prison. His conviction was affirmed by the Court of Appeals on April 25, 1973[2]. This Court granted defendant's application for leave to appeal[3] on August 21, 1973.

## I. Voir Dire

Defendant first argues that he was deprived of his right to trial by a fair and impartial jury because the trial judge interrupted his defense counsel during voir dire of the potential jurors. It is contended that these interruptions denied defendant access to certain information which was essential to permit him to make an informed exercise of his jury challenges.

However, we agree with Justice T. G. Kavanagh's opinion that the defense counsel was afforded this opportunity. Therefore, on this issue, we concur in Justice T. G. Kavanagh's conclusion that:

"* * * defense counsel was ultimately permitted to ask such questions as he deemed necessary to determine how best to exercise his challenges, and that he must be considered to have waived any defects in the process of their selection."

[1] MCLA 750.84; MSA 28.279.

[2] *People v Brown,* 46 Mich App 592; 208 NW2d 590 (1973).

[3] *People v Lewis Brown,* 390 Mich 762 (1973).

## *II. Sentencing Procedure*

Defendant's other allegation of error consists of a bifurcated attack on the procedures utilized at his sentencing. The defendant believes he is entitled to be resentenced because: (1) the trial judge considered materially false information in determining the length of the sentence, and (2) it was error to sentence the defendant without first ordering the preparation of a presentence report.

Defendant bases his first allegation on a remark made by the trial court.

"The court, in fixing this sentence, has taken into account the fact that there were eight stab wounds—anyone of which could have been—could have resulted in bodily—great bodily harm—in fact, did so and the fact that the defendant had a prior criminal record for *similar charges.*" (emphasis supplied.)

Defendant syllogizes that since (a) his police report had three references to a *singular* prior Idaho conviction, and (b) the trial judge used the *plural* phrase "similar charges", therefore (c) the trial judge must have misread the police report and sentenced the defendant in the belief that he had been convicted of several similar charges.

However, we believe that the phrase "similar charges" should not be considered out of the context in which it was made. A review of the entire sentencing colloquy reveals that the former Idaho conviction was briefly discussed by the defendant, his attorney and the trial judge just prior to the actual sentencing. It is apparent from this discussion that the trial judge was aware of the singularity of the prior conviction. In light of the entire record, we find no error on this point.

Finally, defendant argues it was error for the

trial judge to sentence him in the absence of a presentence report.[4]

The record discloses that upon conviction the defendant himself requested immediate sentencing in lieu of awaiting the preparation of a presentence report. As both the trial judge and his attorney advised him of his right to such a report we find no basis for believing that defendant's request was other than intelligently, understandingly or voluntarily made.

It is asserted that defendant's waiver must be held to be inoperative because (1) the presence of a presentence report is required to assure that the trial judge has sufficient information on which to base the sentence and (2) the rights of society to have criminals properly sentenced cannot be waived by a defendant.

That the defendant has an interest in having the sentence properly determined is clear. *Townsend v Burke,* 334 US 736, 740; 68 S Ct 1252, 1255; 92 L Ed 1690, 1693 (1948). Likewise it is clear that society also has an interest in the sentencing procedures. The nature of this interest was recently described as being:

"[R]ehabilitation of the individual offender, society's need to deter similar proscribed behavior in others, and the need to prevent the individual offender from causing further injury to society." *People v Lorentzen,* 387 Mich 167, 180; 194 NW2d 827, 833 (1972).

The indeterminate sentencing statute, MCLA 769.8; MSA 28.1080, was enacted in order to better

---

[4] MCLA 771.14; MSA 28.1144 provides for these reports.

"Before sentencing any person charged with a felony, and, if directed by the court, in any other case where any person is charged with a misdemeanor within the jurisdiction of the court, the probation officer shall inquire into the antecedents, character and circumstances of such person or persons, and shall report thereon in writing to such court or magistrate. * * * "

achieve these objectives. It was hoped that by use
of individualized punishment the Corrections De-
partment would be aided in its attempt to rehabili-
tate criminal offenders.

By adopting an indeterminate sentencing proce-
dure, the Legislature has vested trial judges with
broad discretion for their determination of punish-
ment. In the case of *In re Southard*, 298 Mich 75,
82; 298 NW 457, 459 (1941), this Court said:

"The policy expressed by the people, in providing by
constitutional amendment for an indeterminate sen-
tence law, directed the legislature to adopt a flexible
law and the courts to fit the punishment in the exercise
of their discretion to the needs of the particular case."

Judges need this discretionary judgment in or-
der to tailor the punishment to fit the needs of the
individual case. The exercise of this judicial discre-
tion at sentencing is essential to protect the inter-
ests of both the defendant and the public.

Additionally, the Legislature has recognized that
a trial judge must have some knowledge of a
defendant's previous history in order to arrive at
the proper punishment. The final sentence in the
indeterminate sentencing statute indicates this
responsibility.

"He shall before or at the time of passing such
sentence ascertain by examination of such convict on
oath, or otherwise, and by such other evidence as can
be obtained tending to indicate briefly the causes of the
criminal character or conduct of such convict, which
facts and such other facts as shall appear to be perti-
nent in the case, he shall cause to be entered upon the
minutes of the court." MCLA 769.8; MSA 28.1080.

Another statute, MCLA 771.14; MSA 28.1144,
directs that a probation officer must conduct a
presentence investigation and report this informa-

tion to the trial judge. Reading these two statutory provisions together we believe the Legislature intended by MCLA 769.8; MSA 28.1080 to require that trial judges be aware of information pertinent to the case and by MCLA 771.14; MSA 28.1144 to provide them with a source of this information, by relegating the responsibility for the gathering of this information to the probation officials.

Because the manner in which the pertinent facts are compiled is not as crucial as is the content or accuracy of this information after it reaches the hands of the trial judge, we believe that when this evidence is already before the court, and a counseled defendant requests immediate sentencing, it is not error for a trial judge to accept a waiver of the presentence report. Just as a defendant is permitted to waive the protections guaranteed by the Constitution, he may likewise waive rights provided by statutes so long as he does so in an intelligent, understanding and voluntary manner. *Johnson v Zerbst,* 304 US 458, 464; 58 S Ct 1019, 1023; 82 L Ed 1461, 1466 (1938). Under these circumstances, a defendant waives the right to the preparation of the presentence report only; he does not forfeit his right to have the sentence based upon accurate information.

In this case, we believe the trial judge was properly informed of the background of this defendant. The information he obtained during trial and from a police report was sufficient to allow him to make an informed exercise of judicial discretion in determining the sentence.

Recently, in the State of Washington, a study was undertaken to analyze the major determinants in felony sentencing.[5] The scientifically de-

---

[5] Details of this report are found in the Comment, *Discretion in Felony Sentencing—A Study of Influencing Factors,* 48 Wash L Rev 857, 869 (1973).

signed survey found the two most influential factors weighed by a judge in exercising his discretion to sentence a felon to prison were (1) the number of defendant's prior felony arrests, and (2) the nature of defendant's most serious prior felony conviction.

Here, the trial judge had a police report that contained these influential factors. This was defendant's second conviction for a serious felony assault within two years. Defendant's prior incarceration for 12 months evidently had no rehabilitative effect for the crime charged in the instant case occurred less than three months after his parole from the Idaho penal system. Defendant, himself, indicated that his prior record would preclude any consideration of probation. All of these are factors which point towards a more severe sentence. When faced with antisocial behavior of this magnitude, logic dictates that judges, in the exercise of their discretion, may waive consideration of minor background information in determining the length of imprisonment.

We agree that a defendant should be powerless to waive any rights that society has in the sentencing process. However, in cases where the trial judge is adequately informed about a defendant's prior record, a waiver of the presentence report has no appreciable affect on society's interests. The trial judge is required to consider the interests of society during his discretionary determination of punishment. Also, it is the duty of the prosecutor, as the advocate of the people, to represent these interests at sentencing. Thus, both the trial judge and the prosecuting attorney are in a position to assure that a defendant's waiver of the presentence report does not deprive the public of its right to have criminals properly punished.

We are aware that some defendants may seek to waive the preparation of the presentence report in order to keep detrimental information out of the hands of the sentencing judge. Because of this possibility, trial judges should closely scrutinize all requested waivers and deny those which appear to be an attempt by the defendant to gain some tactical advantage. Likewise, prosecuting attorneys must recognize their duty to oppose any waiver which could be detrimental to the interests of society.

Under the circumstances of this case a remand for resentencing based on the trial judge's failure to await a presentence report would unduly elevate form over substance. Neither the interests of defendant nor those of the public were abridged by this procedure. The record clearly shows that (1) the defendant expressly waived preparation and consideration of the presentence report, and (2) the sentence was based on sufficient information for the trial judge to intelligently arrive at a proper sentence. Further, the sentence appears to insure the Corrections Department an adequate opportunity to attempt to correct the defendant's violent disposition. While we are in no position to predict the outcome of rehabilitation in this case, we believe the sentence given to the defendant protects the right of society to have these efforts made.

We believe it was proper for the trial judge to accept defendant's waiver of the presentence report. In *People v Malkowski,* 385 Mich 244, 250; 188 NW2d 559, 562 (1971), where the complaint was of an inability to review a presentence report we said:

"An examination of the entire report, together with the fact that defendant was represented by counsel at

the time of sentencing and was given an opportunity to make a statement on his own behalf, convinces us that no useful result would be achieved if defendant's sentence were to be vacated and the case remanded for the imposition of a new sentence."

The same is true in this case. We have examined the information considered by the trial judge and we conclude it was a sufficient and accurate basis for the exercise of judicial discretion. The mere absence of a presentence report, when viewed in light of the facts of this case, is not so prejudicial as to result in a miscarriage of justice.

Affirmed.

J. W. FITZGERALD, J., did not sit in this case.