TAYLOR v ANESTHESIA ASSOCIATES OF MUSKEGON, PC

Docket No. 108992. Submitted May 10, 1989, at Grand Rapids. Decided August 9, 1989.

Rochelle M. and Kenneth L. Taylor, plaintiffs in a medical malpractice action filed in Muskegon Circuit Court against Anesthesia Associates of Muskegon, P.C., and Peter Bozeman, M.D., rejected a mediation evaluation in their favor. A jury subsequently returned a verdict of no cause of action. The trial court, Michael E. Kobza, J., as a sanction for plaintiffs' rejection of the mediation evaluation, awarded costs in favor of defendants, which award included attorney fees incurred from the time of the mediation hearing until the expiration of the twenty-eight-day period provided by MCR 2.403(L) for acceptance or rejection of an evaluation, and expenses incurred for preparation of trial exhibits. Plaintiffs appealed.

The Court of Appeals *held*:

1. The purpose of mediation sanctions is to impose the burden of litigation costs upon the party who insists upon trial by rejecting a proposed mediation award. Attorney fees incurred prior to the deadline for accepting or rejecting a mediation evaluation are not taxable as costs since such fees are not necessitated by the rejection of the mediation evaluation because they would have been generated regardless of whether the evaluation was accepted or rejected.

2. Costs are not recoverable where there is no statutory authority for awarding them. Chapter 24 of the Revised Judicature Act, which governs costs, provides no authority in support of an award of costs for enlargement of medical records for use as trial exhibits.

Reversed and remanded for modification of the award of costs.

REFERENCES

Am Jur 2d, Costs §§ 72, 81; Physicians, Surgeons, and Other Healers §§ 374, 376.

Validity and construction of state statutory provision relating to limitations on amount of recovery in medical malpractice claim and submission of such claim to pretrial panel. 80 ALR3d 583

1. Costs — Mediation Sanctions — Attorney Fees.

Attorney fees incurred prior to the deadline for accepting or rejecting a mediation evaluation are not taxable as costs to be imposed as a sanction on a party who rejects the evaluation (MCR 2.403[L][1]-[2] and [O]).

2. Costs — Statutory Authority.

Costs are not recoverable where there is no statutory authority for awarding them.

*Dilley, Dewey & Damon, P.C.* (by *Thomas A. Geelhoed*), for plaintiffs.

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *Randy J. Hackney* and *Kathleen E. Kane*), for defendants.

Before: Holbrook, Jr., P.J., and Sawyer and Neff, JJ.

Per Curiam. Plaintiffs appeal from an order taxing costs in favor of defendants as a mediation sanction pursuant to MCR 2.403(O). In their appeal, plaintiffs challenge two specific aspects of the order: (1) the award of attorney fees incurred by defendants for services from the time of the mediation hearing until the expiration of the twenty-eight-day period provided in MCR 2.403(L) for acceptance or rejection of the mediation evaluation, and (2) an award for expenses incurred by defendants for preparation of trial exhibits. We find merit in both issues and reverse.

By rejecting the mediation evaluation, plaintiffs became liable to pay as a sanction defendants' "actual costs" pursuant to MCR 2.403(O) when their suit on a malpractice claim concluded with a trial verdict of no cause of action. Both issues raised in this appeal concern the scope of the actual costs that may be awarded as a sanction pursuant to MCR 2.403(O)(6), which provides:

> For the purpose of this rule, actual costs include those costs taxable in any civil action and a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the mediation evaluation.

Interpretation of a court rule is subject to those principles governing statutory construction. *Issa v Garlinghouse,* 133 Mich App 579, 581; 349 NW2d 527 (1984). Thus, the court rule should be construed in accordance with the ordinary and approved usage of the language; it should also be construed in light of its purpose and the object to be accomplished by its operation. *In re Prichard Estate,* 169 Mich App 140, 150-151; 425 NW2d 744 (1988), lv den 431 Mich 906 (1988). The purpose of mediation sanctions is to impose the burden of litigation costs upon the party who insists upon trial by rejecting a proposed mediation award. *The Wayne-Oakland Bank v Brown Valley Farms, Inc,* 170 Mich App 16, 21; 428 NW2d 13 (1988).

In keeping with these principles, we hold that attorney fees incurred prior to the deadline for accepting or rejecting a mediation evaluation are not taxable as costs pursuant to MCR 2.403(O). The parties may accept or reject at any time within the twenty-eight-day period following service of the mediation panel's evaluation, but the decision of each party is not disclosed by the clerk until after the twenty-eight-day period has expired. MCR 2.403(L)(1)-(2). Prior to that time, a party cannot know whether the opposing party's decision will require preparation for a trial. At that time, it becomes apparent whether a trial has become necessary in consequence of the rejection of mediation. It is logically inescapable that any attorney fees incurred prior to that time are not "necessitated by the rejection of the mediation

evaluation" because those fees would have been generated regardless of whether the other party rejected the evaluation.[1] See also *Maple Hill Apartment Co v Stine (On Remand),* 147 Mich App 687, 695-697; 382 NW2d 849 (1985) (MACKENZIE, J., dissenting in part). To hold otherwise would do violence to the plain wording of the court rule as well as its purpose to shift the financial burden of those attorney fees that would have been avoided by entry of judgment on the basis of mediation.

We also conclude that the award for enlargement of medical records to be used as trial exhibits was erroneous. For purposes of mediation sanctions, "actual costs" include "those costs taxable in any civil action." MCR 2.403(O)(6). Chapter 24 of the Revised Judicature Act, MCL 600.2401 *et seq.*; MSA 27A.2401 *et seq.*, governs costs. Our review of its provisions indicates nothing supporting an award of costs for an expense of this nature. The trial court's apparent reliance on the definition of costs in MCL 600.2421b(1); MSA 27A.2421(2)(1) is misplaced because that section is limited to actions where the state is a party. In the absence of

---

[1] Although defendants in this case rejected the evaluation long before the expiration of the twenty-eight-day period provided by MCR 2.403(L)(1), thereby assuring a trial regardless of what plaintiffs decided to do, the focus properly remains on plaintiffs' decision because they are the ones who are penalized for their rejection, which in hindsight turned out to be the wrong choice. From defendants' perspective, plaintiffs' decision was not ascertainable until the day after the expiration of the twenty-eight-day period for acceptance or rejection of the mediation evaluation. MCR 2.403(L)(2). Thus, that day serves as the starting point for measuring those attorney fees subject to reimbursement as a mediation sanction. Moreover, if we were to reach a contrary result on the theory that defendant, by prematurely rejecting the evaluation, assured a trial and that, consequently, any fees expended after its early decision to reject were "necessitated by the rejection of the mediation award," this holding would have the improvident side effect of giving incentive to parties to file their rejections as soon as possible within the twenty-eight-day period in order to assure that all subsequent efforts expended on that case would be subject to reimbursement as mediation sanctions in the event of a favorable outcome at trial.

statutory authorization, costs may not be awarded to recompense for a claimed litigation expense. *Brown v Dep't of State Highways,* 126 Mich App 392, 396; 337 NW2d 76 (1983).

We direct the trial court upon remand to modify its award of costs by making appropriate reductions for those items considered in this opinion.

Reversed and remanded.