PEOPLE v McCOY

Docket No. 114782. Submitted October 3, 1990, at Marquette. Decided May 7, 1991, at 9:20 A.M.

Jacque W. McCoy, a juvenile tried as an adult in the Wayne Circuit Court following a waiver of jurisdiction by the Wayne County Probate Court, James E. Lacey, J., and a denial by the circuit court, Richard P. Hathaway, J., of a motion to set aside the waiver, was convicted by a jury of assault with intent to do great bodily harm and of possession of a firearm during the commission of a felony. The defendant appealed, claiming that the motion for waiver of jurisdiction had not met the requirements of MCR 5.950(A)(1) for timeliness because it was made following dismissal and subsequent refiling of the original petition, and thus exceeded the fourteen-day limitation.

The Court of Appeals *held:*

MCR 5.950(A)(1), which provides in part that a motion to waive jurisdiction of a juvenile must be filed within fourteen days after the filing of the petition, does not preclude a second motion for waiver of jurisdiction in conjunction with a refiled petition, so long as the second motion is filed within fourteen days of the refiling. However, such a motion should not be granted where the prosecution acts in bad faith in reinstating the charges and seeking the waiver or where the juvenile's due process rights are violated. In this case, the second motion for waiver of jurisdiction was properly granted because it was made within fourteen days of the refiling of the petition and there was no bad faith by the prosecution or violation of the defendant's due process rights.

Affirmed.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Lori Dawson,* Assistant Prosecuting Attorney, for the people.

*Peggy K. Madden,* for the defendant on appeal.

Before: Mᴜʀᴘʜʏ, P.J., and Bʀᴇɴɴᴀɴ and Mᴀʀɪ-ʟʏɴ Kᴇʟʟʏ, JJ.

Pᴇʀ Cᴜʀɪᴀᴍ. Defendant appeals by leave granted from a circuit court denial of his motion to set aside a juvenile court waiver of jurisdiction. We affirm.

On February 12, 1988, three weeks before defendant's seventeenth birthday, the prosecutor filed a petition in this matter in juvenile court.[1] He charged defendant with assault with intent to murder, armed robbery and possession of a firearm during the commission of a felony. MCL 750.83; MSA 28.278; MCL 750.529; MSA 28.797; MCL 750.227b; MSA 28.424(2). On February 25, 1988, he filed a motion requesting the juvenile court to waive jurisdiction so that defendant could be tried as an adult.

The juvenile court held a hearing on the motion on March 11, 1988, twenty-eight days after the petition had been filed. The prosecutor was unable to produce the officer in charge or the complaining witness. The prosecutor stated that, since he was unprepared to proceed, he would understand if the court denied his motion to try defendant as an adult. However, he requested that the court refrain from dismissing the underlying petition, so that defendant could be prosecuted in juvenile court. The judge denied the request and dismissed both the motion to waive and the petition. He stated:

> I'm going to dismiss the Motion to Waive plus the petition. I would think that you could probably

---

[1] If this action had been filed after October 1, 1988, the prosecutor would have had the option of proceeding in either juvenile court or circuit under the "automatic waiver" rules set forth in MCL 600.606; MSA 27A.606 and MCL 764.1f; MSA 28.860(6). See *People v Brooks,* 184 Mich App 793; 459 NW2d 313 (1990).

reinstitute these matters, but the Motion must be heard within 28 days. The Court set it on the 28th day. The time constraints are rather stringent that are set up by the Michigan Supreme Court. It's most difficult for the Prosecuting Attorney and this Court to comply with, but nonetheless, they have to be complied with, so they will be discharged and we'll leave it up to the police and the Prosecuting Attorney when they bring a charge to make sure they have their witnesses to come into Court.

Defendant was released and rearrested within a few days. The prosecutor filed another petition and motion for waiver. Defendant moved to dismiss the motion on the ground that the prosecutor failed to comply with the time restrictions delineated in the Michigan Court Rules. The judge denied the motion concluding that, since the original petition and motion had been dismissed, the process started over, and the second waiver motion was timely. The circuit court denied defendant's appeal.

Defendant was tried in circuit court. A jury convicted him of assault with intent to do great bodily harm and felony-firearm. MCL 750.84; MSA 28.279, MCL 750.227b; MSA 28.424(2).

On appeal, defendant claims that the juvenile court erred by failing to dismiss the prosecutor's second motion to waive jurisdiction. This case presents an issue of first impression for Michigan courts.

The juvenile court rule governing waiver of jurisdiction states in part:

A motion to waive jurisdiction of the juvenile must be filed within 14 days after the filing of the petition. Absent a timely motion and good cause shown, the juvenile shall no longer be subject to

waiver of jurisdiction on the charges. [MCR 5.950(A)(1).]

The waiver hearing consists of two phases. The first-phase hearing determines whether it is probable that an offense has been committed which would be a felony if perpetrated by an adult. The court must also determine if there is probable cause to believe the juvenile committed the offense. MCR 5.950(B)(1). The first-phase hearing must commence within twenty-eight days after the filing of the petition unless adjourned for good cause. MCR 5.950(B)(1)(a).

Defendant argues that the above provisions preclude the prosecutor from trying a juvenile as an adult, unless a motion for waiver is filed within fourteen days of the first petition. We disagree.

Interpretation of a court rule is subject to the principles governing statutory construction. *Taylor v Anesthesia Associates of Muskegon, PC,* 179 Mich App 384, 386; 445 NW2d 525 (1989). Thus, court rules should be construed in accordance with their purpose. *Id.* Courts may not speculate as to the probable intent of the court rule beyond the words expressed in the rule. If the plain and ordinary meaning of the language is clear, judicial construction is normally neither necessary nor permitted. *Foster v Stein,* 183 Mich App 424, 426-427; 454 NW2d 244 (1990).

The language of MCR 5.950 is unambiguous. We agree with defendant that the purpose of the rule, as reflected in its language, is to ensure waiver motions are made and resolved soon after the petition is filed.

However, the rule does not state that the waiver motion must be filed within fourteen days after the filing of the initial petition. In addition, if a second petition is brought, the rule does not pre-

clude a second waiver motion from being made, so long as it is filed within fourteen days.

We believe that the time restrictions in MCR 5.950 are analogous in many ways to the time restrictions governing preliminary examinations. The Code of Criminal Procedure requires that a defendant be given a preliminary examination within twelve days of his arraignment, unless good cause for an adjournment is shown. MCL 766.4; MSA 28.922 and MCL 766.7; MSA 28.925. Failure to comply with the twelve-day rule entitles the defendant to be released and have the charges dismissed. *People v Weston,* 413 Mich 371, 376; 319 NW2d 537 (1982).

However, the fact that the case is dismissed for failure to comply with the twelve-day preliminary examination rule does not forever bar the prosecution from seeking legal redress. After a defendant is discharged, the prosecutor may arrest the defendant again and reinstate charges without affecting the merits of the case. *Id.* Similarly, merely because a juvenile's case is dismissed for violation of the rule's time requirements does not mean the prosecutor is automatically precluded from reinstituting charges and refiling for waiver.

Our holding should not be construed to encourage a prosecutor to seek dismissal of a petition against a juvenile in order to avoid the time restrictions of MCR 5.950. For example, a prosecutor who fails to file a timely waiver motion cannot seek dismissal of the petition solely to file the motion within fourteen days of the second petition. The trial court should exercise its discretion when presented with a waiver motion after the initial petition has been dismissed. If the court believes that the prosecutor is acting in bad faith, or that defendant's due process rights have been violated, then the waiver motion should be denied.

See *People v Vargo,* 139 Mich App 573, 578; 362 NW2d 840 (1984).

In the instant case, the prosecutor clearly was not acting in bad faith. He had moved to waive the juvenile court's jurisdiction to a court of general jurisdiction within the required fourteen days. MCR 5.950(A)(1). In addition, the first-phase waiver hearing was scheduled within twenty-eight days of the filing of the petition. MCR 5.950(B)(1) (a). When the complaining witness failed to appear at the hearing, the prosecutor did not move for the charges to be dropped; rather, he requested that the court retain jurisdiction so that defendant could be tried as a juvenile. When defendant was rearrested and another petition filed, the prosecutor complied with the time restrictions of MCR 5.950, and jurisdiction was properly waived.

In addition, defendant's due process rights were not violated. This Court has held that, in certain instances, the reinstitution of charges may violate a defendant's due process rights. *Vargo, supra,* 578. Among the factors that are considered are whether the charges were reinstituted without adequate evidence, whether the charges were reinstituted to harass the defendant and whether the prosecution was judge-shopping. None of those infractions occurred in the instant case. *Id.* In addition, defendant suffered no prejudice from the lapse of time between the date of the offense and the date of the second hearing. *Id.,* 578-579.

In short, the juvenile court did not abuse its discretion in this case by allowing the prosecutor to file a second petition and waiver motion.

Affirmed.