PEOPLE v BAKER

Docket No. 181749. Submitted February 7, 1996, at Detroit. Decided February 27, 1996, at 9:15 A.M.

Joseph C. Baker pleaded guilty in the Recorder's Court of Detroit, Robert L. Evans, J., of two counts of second-degree criminal sexual conduct and was sentenced to serve concurrent prison terms of three to fifteen years. Previously, the defendant had entered into a plea agreement with the prosecutor whereby he would be allowed to plead guilty of one count of second-degree criminal sexual conduct in exchange for a sentence not to exceed five years' probation and dismissal of the second count. The court was informed of the agreement and accepted the defendant's plea to a single count. However, at the time of the plea, a presentence investigation report had not been prepared. At the sentencing hearing, the court indicated that it could not follow the sentencing agreements because of the information contained in the presentence report that by then had been prepared. Accordingly, the court scheduled the matter for trial and, eventually, accepted the defendant's plea to the original charges. The defendant appealed, claiming that the trial court erred in failing to sentence him in accordance with the original plea agreement.

The Court of Appeals held:

MCR 6.302(C)(3) permits a court to accept a guilty plea that is based on a sentencing agreement before the preparation and review of a presentence report; however, the rule further provides that the court is not bound to follow the sentence disposition agreement until it has reviewed the presentence report. Accordingly, where a trial court accepts a guilty plea that is part of a plea agreement that includes a sentence disposition provision before the court has had the opportunity to review the presentence report, the court may decline to be bound by that initial acceptance of the plea where it deems the agreed-upon sentence is inappropriate in light of the informa-

REFERENCES

Am Jur 2d, Criminal Law § 486.
See ALR Index under Guilty Plea; Presentence Reports.

tion in the presentence report. The actions of the trial court were in conformance with the mandate of the court rule.

Affirmed.

CRIMINAL LAW — GUILTY PLEAS — PRESENTENCE REPORTS.

A court may accept a guilty plea that is based on a sentencing agreement before the preparation and review of a presentence report, but is not bound to follow the sentence disposition agreement until it has reviewed the presentence report; the court may decline to be bound by the initial acceptance of the plea where it deems the agreed-upon sentence is inappropriate in light of the information in the presentence report (MCR 6.302[C][3]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Charles H. Seller,* Assistant Prosecuting Attorney, for the people.

*Dory A. Baron,* for the defendant.

Before: O'CONNELL, P.J., and REILLY and D. E. SHELTON,* JJ.

O'CONNELL, P.J. Defendant pleaded guilty to two counts of second-degree criminal sexual conduct, MCL 750.520c(1)(a); MSA 28.788(3)(1)(a), and was sentenced to serve concurrent prison terms of three to fifteen years. He now appeals as of right, and we affirm.

Defendant was charged with two counts of second-degree criminal sexual conduct. He and the prosecution agreed that, in exchange for his plea of guilty to one count, he would receive a sentence no greater than five years' probation and the prosecution would dismiss the second count. A hearing was held in which the agreement was explained to the court, after which defendant

---

* Circuit judge, sitting on the Court of Appeals by assignment.

pleaded guilty to one count. The court accepted defendant's plea.

However, at the time the court accepted defendant's plea, a presentence investigation report (PSIR) had not yet been prepared. Although the record does not contain a copy, a PSIR was, apparently, prepared soon thereafter. When defendant appeared for sentencing, the court indicated that it had reviewed the PSIR. The court stated that, in light of the information reflected in the PSIR, it was "not satisfied to uphold the sentence agreement." The court then set a date for trial. Defendant subsequently pleaded guilty as charged, receiving the sentences set forth above.

On appeal, defendant raises a single issue. He contends that "the trial court erred when it vacated the plea agreement entered into by the parties after having accepted the plea." Defendant seeks to have the judgment of sentence vacated and the matter remanded for entry of a judgment of sentence in conformity with the parties' sentence disposition agreement.

Where a sentence disposition agreement exists between the prosecution and a defendant, the court may "accept the agreement without having considered the presentence report." MCR 6.302(C)(3)(c). However, in such a situation, the court is not bound to follow the sentence disposition agreement until it has reviewed the presentence report. MCR 6.302(C)(3). As stated in *People v Killebrew,* 416 Mich 189, 207; 330 NW2d 834 (1982), "[i]n any event, the judge *must* have considered the presentence report *before* final acceptance of the sentence agreement." (Emphasis supplied.)

In the present case, the court, after having been advised of the terms of the sentence disposition agreement, expressly accepted defendant's guilty plea despite not yet having reviewed defendant's

PSIR, which had not yet been prepared. As set forth above, this was not improper. MCR 6.302(C)(3)(c). After reviewing the report, the court determined that it could not abide by the terms of the agreement and refused to follow it. This was also within the court's discretion. MCR 6.302(C).

Defendant, however, contends that, because the court had expressly accepted the plea agreement, it was without authority to subsequently reject it after having reviewed the PSIR. In support of this position, defendant relies upon MCR 6.310(B), which requires that the defendant either move for withdrawal of an accepted plea or consent to the vacation of that plea, neither of which occurred in the present case. We reject defendant's argument for two reasons.

First, to construe the court rules as defendant suggests would lead to absurd results. Before a defendant is sentenced for a felony conviction, a PSIR must be prepared. MCL 771.14(1); MSA 28.1144(1). The court must consider the PSIR before its "final acceptance of [a] sentence agreement," *Killebrew, supra,* and, by necessary implication, before imposing sentence. *People v Brown,* 393 Mich 174, 179-180; 224 NW2d 38 (1974). Further, a defendant may not waive his right to the preparation of a PSIR. *Id.,* p 179, citing *People v Amos,* 42 Mich App 629, 632-635; 202 NW2d 486 (1972).

Defendant would have us hold that, despite these clear mandates of the Legislature and our Supreme Court, because he was being sentenced pursuant to a sentence disposition agreement, these requirements do not apply. We find such a conclusion absurd. A defendant may not be sentenced without the court considering fully all relevant information as reflected in the PSIR, whether that information works to his detriment or benefit. In the present case, the court acted properly, both

in refusing to impose sentence before reviewing the PSIR and in failing to submit to the sentence disposition agreement where it felt that the agreed-upon sentence was not in the interest of justice.

Second, and more practically, MCR 6.310, upon which defendant relies, was not meant to apply to situations where the sentencing court had not yet granted its "final acceptance," *Killebrew, supra,* to a sentence disposition agreement. Both *Killebrew,* by its "*final* acceptance" language, and MCR 6.302(C), by its express terms, recognize that a court may initially "accept" a sentence disposition agreement, yet, following examination of the PSIR, decline to be bound by its initial acceptance. In contrast, MCR 6.310 makes no such allowances. This omission is not an oversight, but exists because MCR 6.310 was designed to apply to a different type of situation, most commonly that involving a defendant's change of heart after entering a plea. Each court rule encompasses a distinct factual situation, and they may not be applied inappositely or selectively.

Commonly accepted principles governing the construction of court rules support this conclusion. The rules of statutory construction apply to court rules. *People v McCoy,* 189 Mich App 201, 204; 471 NW2d 648 (1991). If two court rules lend themselves to a construction that would avoid a conflict between the two, that construction should control. See *House Speaker v State Administrative Bd,* 441 Mich 547, 568-569; 495 NW2d 539 (1993). To accept defendant's proffered application of MCR 6.310 in the present situation would result in its conflict with MCR 6.302(C), with the former binding the sentencing court to its prior "acceptance" of a sentence disposition agreement (despite the fact that, at the time of its "acceptance," it had not yet

reviewed the PSIR, as discussed earlier), and the latter allowing the court to avoid its prior "acceptance." However, to construe the court rules as we have reconciles the two. This construction is favored both by precedent, *House Speaker, supra,* and logic.

In summary, where the court initially accepts a defendant's plea of guilty, but, after reviewing the PSIR, declines to be bound by its initial acceptance, MCR 6.302(C) applies; MCR 6.310 does not. Here, the court properly complied with MCR 6.302(C). Accordingly, we find no error in the court's actions.

Affirmed.