PEOPLE v HARRIS

Docket No. 159887. Submitted July 11, 1996, at Lansing. Decided September 27, 1996, at 9:35 A.M. Leave to appeal sought.

Corey D. Harris was convicted by a jury in the Ingham Circuit Court, Lawrence M. Glazer, J., of assault with intent to murder and possession of a firearm during the commission of a felony. He was sentenced to twenty to thirty years in prison for the assault conviction and a consecutive two-year term for the felony-firearm conviction. The defendant appealed.

The Court of Appeals *held*:

1. The trial court did not err in admitting evidence that the gun with which the defendant shot the victim was not registered and had its serial number obliterated. The evidence was admissible to demonstrate the defendant's motive and tended to prove that the defendant was potentially afraid of being caught carrying an illegal weapon when he shot the victim, a police officer.

2. The trial court erred in scoring Prior Record Variable 3. The court erred in determining that certain violations that the defendant committed as a juvenile after the probate court had taken jurisdiction over the defendant as a result of another violation could be considered prior convictions for purposes of PRV 3. Those violations resulted in findings of probation violations pursuant to MCR 5.944(A). The Sentencing Guidelines specifically provide that probation violations may not be considered as prior convictions. Although the defendant's sentence for the assault conviction remains within the guidelines range as adjusted by the ruling of the Court of Appeals, the case must be remanded to the trial court to allow it to determine whether it would impose the same sentence.

Convictions affirmed; case remanded.

SENTENCES — JUVENILES — SUPPLEMENTAL DISPOSITIONS — PROBATION VIOLATIONS — PRIOR CONVICTIONS — PRIOR RECORD VARIABLES.

Supplemental dispositions, those dispositions of an offending juvenile that occur after the probate court has taken jurisdiction over the juvenile, are probation violations; the Michigan Sentencing Guidelines do not allow probation violations to be considered as prior convictions in scoring the Prior Record Variables (MCR 5.944[A]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Donald E. Martin*, Prosecuting Attorney, *Samuel R. Smith*, Chief Appellate Attorney, and *Guy L. Sweet*, Assistant Prosecuting Attorney, for the people.

*Eileen Kavanagh*, for the defendant on appeal.

Before: NEFF, P.J., and FITZGERALD and C. A. NELSON,* JJ.

NEFF, P.J. Defendant was convicted by a jury of assault with intent to murder, MCL 750.83; MSA 28.278, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant received a twenty- to thirty-year prison sentence for the assault conviction and a consecutive two-year term for the felony-firearm conviction. Defendant appeals his convictions and sentences as of right, and we affirm his convictions but remand for resentencing.

I

Defendant first argues that the trial court erred in admitting evidence that the gun he was carrying when he shot the victim was not registered and that the serial number was obliterated. We find no error on this record.

Defendant argues that the evidence was irrelevant and that, even if it was not completely irrelevant, the prejudicial effect of the evidence substantially outweighed its probative value. MRE 403. This Court reviews a trial court's determination to admit or deny

---

* Circuit judge, sitting on the Court of Appeals by assignment.

evidence for an abuse of discretion. See *People v Phillips*, 217 Mich App 489; 552 NW2d 487 (1996).

We find no error in the trial court's ruling. The evidence was admissible to demonstrate defendant's motive. MRE 404(b)(1). The prosecutor's theory was that defendant knew the victim was a police officer when he shot him. Thus, this evidence tends to prove that defendant was potentially afraid of being caught carrying an illegal weapon. The fact that defendant argued that he did not know the victim was a police officer does not alter our conclusion. Whether defendant knew the victim was a police officer was a question of fact for the jury. Because that issue was not conclusively proved, the prosecution was free to argue its case.

II

We next turn to defendant's argument that the trial court erred in scoring Prior Record Variable 3 at twenty-five instead of zero points. We agree with defendant and thus remand for resentencing.

A

PRV 3 relates to high-severity juvenile adjudications. A score of twenty-five points reflects two or more prior high-severity juvenile adjudications. Michigan Sentencing Guidelines (2d ed), p 23. Defendant's prior juvenile criminal history includes adjudications of larceny in a building in 1986, three felonious assaults in 1989, and first-degree criminal sexual conduct in 1990.

Because defendant was under thirteen years of age at the time he committed the larceny in a building, that violation cannot be considered under PRV 3. See

Michigan Sentencing Guidelines, *supra*, PRV 3(A), p 23. The trial court determined, however, that defendant should receive twenty-five points on the basis of the criminal sexual conduct and felonious assault violations.

Defendant argues that, pursuant to MCR 5.944 and the guidelines, the violations that occurred after the larceny violation[1] cannot be considered under PRV 3 because they were, in substance, violations of probation. See Michigan Sentencing Guidelines, *supra*, p 3. We reluctantly agree with defendant.

B

The question raised by defendant involves construing the guidelines and our court rules. We employ principles of statutory construction when performing this task. See *People v Baker*, 215 Mich App 606, 610; 547 NW2d 62 (1996); *People v Williams*, 205 Mich App 229, 232; 517 NW2d 315 (1994).

The primary rule of statutory construction is to ascertain the intent of the drafters. *People v Roseburgh*, 215 Mich App 237, 239; 545 NW2d 14 (1996). In doing so, this Court must follow the plain language of a rule, because the drafter is presumed to have intended the meaning plainly expressed. *Id.*

C

Here, MCR 5.944(A) provides that supplemental dispositions, i.e., those dispositions of an offending juvenile that occur after the probate court has taken jurisdiction, are probation violations. The guidelines, on the other hand, specifically provide that probation

---

[1] The probate court obtained jurisdiction over defendant as a result of a finding that he committed larceny in 1986.

violations are not to be considered as prior convictions. Michigan Sentencing Guidelines, *supra*, p 3. Accordingly, we conclude that the trial court erred in scoring twenty-five points for PRV 3 because defendant's criminal sexual conduct and felonious assault dispositions resulted in findings of probation violations pursuant to MCR 5.944(A) and therefore may not be scored under the guidelines as prior convictions.

This conclusion, compelled by the plain language of the court rule and the guidelines, clearly serves to frustrate the purpose of the guidelines, which is to match a sentence with the offense and the offender. See *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). The elimination of defendant's probation violations, which were based on serious criminal activity, from guidelines scoring skews the scoring so that it does not accurately reflect the offender in the sentencing calculus. We conclude, in part on the basis of that result, that MCR 5.944 is ripe for reevaluation and we urge our Supreme Court to take another look at the rule. See, also, 5 Martin, Dean & Webster, Michigan Court Rules Practice, pp 702-703.

We also note, however, that the practical effect of our ruling is limited because the "probation" violations involved in this case could form the basis on which a trial court might decide to exceed the sentence recommended by the guidelines.

In any event, although defendant's sentence remains within the guidelines range as adjusted by our ruling, we must remand in order to allow the trial court to determine whether it would impose the same sentence. See *People v Chesebro*, 206 Mich App 468, 473-474; 522 NW2d 677 (1994).

Defendant's convictions are affirmed, and this matter is remanded for proceedings consistent with this opinion. We do not retain jurisdiction.