PEOPLE v HARRIS (ON REMAND)

Docket No. 204995. Submitted July 29, 1997, at Lansing. Decided September 16, 1997, at 9:15 A.M.

Corey D. Harris was convicted by a jury in the Ingham Circuit Court, Lawrence M. Glazer, J., of assault with intent to murder and possession of a firearm during the commission of a felony. He was sentenced to twenty to thirty years in prison for the assault conviction and a consecutive two-year term for the felony-firearm conviction. The defendant appealed. The Court of Appeals agreed with the defendant's contention that the court erred in scoring Prior Record Variable 3. The Court of Appeals, although affirming the convictions, believed it was compelled to remand for resentencing with regard to the assault conviction even though the defendant's sentence remained within the guidelines range as adjusted. 219 Mich App 184 (1996). The Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded the matter to the Court of Appeals for reconsideration in light of *People v Mitchell*, 454 Mich 145 (1997). 455 Mich 863 (1997).

On remand, the Court of Appeals *held*:

*Mitchell* held that appellate courts are not to interpret the guidelines or to score and rescore the variables for offenses and prior record to determine if they were correctly applied. *Mitchell* held that the Court of Appeals is not authorized to examine the scoring of the guidelines by the trial court where the challenge is not directed to the factual basis of the sentence. Here, the defendant does not challenge the facts on which the PRV 3 score of twenty-five was based. The convictions and sentences must be affirmed.

Affirmed.

SENTENCES — SENTENCING GUIDELINES.

Appellate courts are not to interpret the Sentencing Guidelines or to score and rescore the variables for offenses and prior record to determine if they were correctly applied; the Court of Appeals is not authorized to examine the scoring of the guidelines by the trial court where the challenge is not directed to the factual basis of the sentence.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Donald E. Martin,* Prosecuting Attorney, *Samuel R. Smith,* Chief Appellate Attorney, and *Guy L. Sweet,* Assistant Prosecuting Attorney, for the people.

*Eileen Kavanagh,* for the defendant on appeal.

ON REMAND

Before: NEFF, P.J., and HOOD and FITZGERALD, JJ.

NEFF, P.J. Our earlier judgment in this case, *People v Harris,* 219 Mich App 184; 555 NW2d 891 (1996), has been vacated and the matter has been remanded to us with instructions to reconsider our decision in light of *People v Mitchell,* 454 Mich 145; 560 NW2d 600 (1997). 455 Mich 863 (1997). On remand we again affirm defendant's convictions. However, in light of the decision in *Mitchell* with regard to alleged errors in scoring the Sentencing Guidelines, we also affirm defendant's sentences. *Mitchell, supra* at 172-178.

As set out more fully in our earlier opinion, defendant challenged the scoring of Prior Record Variable 3 relating to certain juvenile probation violations. *Harris,* 219 Mich App 186-188. We agreed that there was a scoring error and were compelled to remand for resentencing with regard to the assault conviction even though defendant's sentence remained within the guidelines range as adjusted. *Id.* at 188. The prosecution filed an application for leave to appeal to the Supreme Court, which, in lieu of granting leave to appeal, vacated our judgment and remanded this case for reconsideration in light of *Mitchell.*

In *Mitchell, supra* at 178, the majority opinion[1] holds that "[a]ppellate courts are not to interpret the guidelines or to score and rescore the variables for offenses and prior record to determine if they were correctly applied." This is precisely what we felt compelled to do in our earlier opinion in light of MCR 5.944(A) and the Michigan Sentencing Guidelines (2d ed), p 23. We noted, however, that our decision to rescore PRV 3 and remand for resentencing served only to "frustrate the purpose of the guidelines," *Harris*, 219 Mich App 188.

*Mitchell* holds that we are not authorized to examine the scoring of the guidelines by the trial court where the challenge is not directed to the factual basis of the sentence. In the present case, defendant makes no challenge to the facts on which the PRV 3 score of twenty-five was based. Accordingly, we have no authority to rescore PRV 3 and are free to affirm the sentence imposed, which is both within the guidelines range and clearly proportionate to the offense and the offender.

Affirmed.

---

[1] Justice BOYLE's opinion is joined in full only by Justices BRICKLEY and RILEY. Because Justices WEAVER and KELLY did not participate in the decision, Justice BOYLE's opinion constitutes a majority of the Court participating, and is therefore binding precedent. See *Negri v Slotkin*, 397 Mich 105, 109; 244 NW2d 98 (1976).