*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* BENJAMIN JAMES LUCAS.

PEOPLE OF THE STATE OF MICHIGAN,

      Petitioner-Appellee,

v

BENJAMIN JAMES LUCAS,

      Respondent-Appellant.

UNPUBLISHED
January 21, 2025
1:31 PM

No. 368226
Hillsdale Circuit Court
Family Division
LC No. 2022-465354-DL

Before: BOONSTRA, P.J., and K. F. KELLY and YOUNG, JJ.

PER CURIAM.

Respondent appeals by right the January 27, 2023 order of the family division of the circuit court (family division) waiving jurisdiction over respondent and transferring his case to the court of general jurisdiction. We vacate the order and remand for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On November 16, 2022, petitioner filed a delinquency petition against respondent, alleging one count of second-degree criminal sexual conduct (CSC-II). See MCL 750.520(c)(1)(a) and 750.520(c)(2)(b). Specifically, petitioner alleged that respondent, while 17 years of age, had sexual contact with a minor under the age of 13. At the preliminary hearing in the family division, respondent, who was 22 years old at the time, appeared without an attorney. The case was adjourned to allow counsel to be appointed for respondent.

On January 12, 2023 petitioner filed a motion for the family division to waive jurisdiction over respondent. That same day, the family division referee continued the preliminary hearing; respondent was represented by an attorney, and his mother was also present. Respondent's attorney questioned the family division's jurisdiction to hear the case, asserting that the case should have been filed in a court of general jurisdiction from the beginning because, at the time that

respondent allegedly committed the offense, a 17-year-old person was legally considered an adult, and therefore a waiver hearing was not necessary. Petitioner responded that, because 18 years of age was now considered the age of majority, and because respondent was 17 years of age when he committed the offense, he was legally a juvenile at the relevant time, and therefore his case was properly initiated as a juvenile proceeding. Respondent entered a plea of not guilty to the CSC-II charge.

The hearing on petitioner's motion for waiver took place on January 27, 2023 before a judge in the family division. On the same day, petitioner refiled in the family division the November 16, 2022 petition charging respondent, reflecting the original date-stamp, and also refiled the January 12, 2023 motion for waiver, also with its original date-stamp. At the beginning of the hearing, the judge expressed concern over a "change in the law," and stated that she did "not believe that the change in the law made the present provisions of the law retroactive." The judge noted that respondent was 17 at the time he allegedly committed the offense, which was the age of majority at that time, and questioned whether the family division had jurisdiction over respondent at all. Petitioner argued that the family division must look at the time that the offense was charged, not the time the offense was committed, and opined that the new law changing the age of majority to 18 "actually did apply retroactively," given that "any cases [with a defendant under 18] that were pending in district court" when the law changed were "booted to juvenile court" for a waiver-of-jurisdiction hearing. Petitioner argued that this Court's decision in *In re Seay*, 335 Mich App 715, 721; 967 NW2d 883 (2021), involved the same issue as the present case, and established that the family division had limited jurisdiction over respondent for the purpose of holding a hearing to determine whether jurisdiction should be waived and respondent's case transferred to a court of general jurisdiction to proceed as an adult criminal case. Petitioner opined that, if the family division decided not to waive jurisdiction, the matter would not proceed at all, because "we can't proceed in juvenile court and because the court's failed to waive it over we can't proceed in adult court."

Respondent's counsel agreed to proceed with a waiver-of-jurisdiction hearing, stating that "because of the way that the law is written now when the offense is actually charged versus when the offense [was] committed . . . [respondent] does have the right to the waiver proceeding." Respondent's counsel then waived the probable-cause portion of the hearing and focused on arguing the best interests of the juvenile and the public in moving the case to a court of general jurisdiction. The family division judge made certain that respondent understood what a probable-cause hearing was, and was agreeing to waive it knowingly and voluntarily, emphasizing that if respondent waived the probable-cause portion, "there will be no preliminary examination in district court if the court waives jurisdiction" pursuant to MCR 3.950(D)(1)(c)(ii). Both parties agreed to immediately move to the best-interest portion of the waiver hearing pursuant to MCR 3.950(D)(2).

Petitioner explained that, in this case, a 12-year-old child had "disclosed some inappropriate touching by an individual" to a child-advocacy center, but knew only this individual's first name and where he lived, and that upon further investigation respondent ultimately "did admit that [it] had happened" to the investigating officer. Petitioner acknowledged that the charge was based on a one-time incident when respondent was 17 years old, and that respondent had no previous involvement with the juvenile-justice system. However, petitioner stated that the charge was a "very serious" one, that there was "very strong culpability" on

respondent's part, and that conviction as an adult carried a sentence of "up to 15 years in prison." Also, according to petitioner, if respondent's case remained in the family division, it would have to be dismissed. because respondent was currently too old to participate in any of the programming or dispositional options available to juveniles, and there was no remedy available in the juvenile system for him. Petitioner therefore argued that it was in the public interest to waive respondent's case to a court of general jurisdiction.

Respondent's attorney argued that the case concerned a single instance of misconduct that had occurred approximately five years earlier, and that because no other allegations had since been brought against respondent, and that no weapons, force or coercion were alleged to have been used, there was no indication that the public needed protection from him. Respondent also testified that he had no record of juvenile delinquency, that he had a "good" school record and "strong family support," that he believed that he was on the autism spectrum, and that he was receiving counseling through sources outside of the juvenile system because the petition against him was not filed until he had aged out of the juvenile-counseling support system. Finally, respondent's attorney indicated that respondent would participate in any service that the family division judge recommended.

The judge gave "credit" to respondent for having "no prior record of delinquency," and for demonstrating his "willingness to participate meaningfully in an available program." However, she found that the age gap between respondent and his alleged victim was "incredibly significant." She further found that there was no evidence that respondent was autistic, and that the alleged offense was serious, as was respondent's culpability in the matter. The judge concluded that "because of the change in the law there is no punishment or program available to the juvenile and the public would be served by granting a waiver of jurisdiction to the court of general jurisdiction under MCL 7128.4." An initial order granting the waiver of jurisdiction was issued on January 27, 2023; however, on July 28, 2023, respondent moved to remand the case to the family division in order to reset the timeline for his appellate rights, arguing that the family division judge did not adequately advise him of his appellate rights as required by MCR 3.950(E)(1)(C)(i to iii). The motion was granted. The family division judge ultimately issued an amended order granting the waiver of jurisdiction on September 25, 2023. This appeal followed.

After filing his claim of appeal, respondent moved this Court to remand the case for a new trial or *Ginther*[1] hearing concerning his trial counsel's alleged ineffectiveness. This Court issued an order denying respondent's motion for remand "without prejudice to a case call panel of this Court determining that remand is necessary once the case is submitted on a session calendar."[2]

## II. STANDARD OF REVIEW

The issue of the untimeliness of petitioner's motion for waiver of jurisdiction was not raised or decided below, and therefore was not preserved for appeal. See *Glasker-Davis v*

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] See *In re Lucas Minor*, unpublished order of the Court of Appeals, entered March 18, 2024 (Docket No. 368226).

*Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). "Generally, this Court reviews de novo the interpretation of statutes and court rules." *In re D Minor*, 329 Mich App 671, 701; 944 NW2d 180 (2019). "However, unpreserved issues are reviewed for plain error affecting a party's substantial rights." *Id*. "[U]nder the plain error rule, three requirements must be met:  1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." And "the third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*.[3]

### III.  ANALYSIS

On appeal, respondent argues that the family division judge erred by accepting petitioner's untimely motion for waiver of jurisdiction because petitioner provided no good cause for the delay pursuant to MCR 3.950(C)(1).  We agree.

"Interpretation of a court rule is subject to the principles governing statutory con-structions." *Taylor v Anesthesia v Assoc of Muskegon, PC*, 179 Mich App 384, 386; 445 NW2d 525 (1989).  Accordingly, court rules "should be construed in accordance with the ordinary meaning" of the language, and "in light of its purpose." *Id*.  If the "language is clear and unambiguous, judicial construction is neither required nor permitted," and courts must apply the statute or court rule "as written." *Kiesel Intercounty Drain Drainage Dist v Dep't of Natural Resources*, 227 Mich App 327, 334; 575 NW2d 791 (1998).  Court rule language "should be construed reasonably," in light of its purpose. *Id*.

A two-phased waiver hearing is required before a court may transfer jurisdiction from the family division to a court of general jurisdiction.  MCL 712A.4(3) and (4); MCR 3.950(D)(1) and (2).  The "first-phase hearing is to determine whether there is probable cause to believe that an offense has been committed that if committed by an adult would be a felony."  MCR 3.950(D)(1). The second phase requires the court to "determine whether the interests of the juvenile and the public would best be served by granting the motion."  MCR 3.950(D)(2).  The court must consider six factors when determining those best interests: the seriousness of the offense, the culpability of the juvenile, the juvenile's delinquency record, the juvenile's programming history, the adequacy of the programming available to rehabilitate the juvenile, and the dispositional options available for the juvenile.  MCL 712A.4(4)(a) to (f); MCR 3.950(D)(2)(d)(i) to (vi).

---

[3] While this standard is primarily used in criminal proceedings, juvenile proceedings, such as the waiver-of-jurisdiction hearing in this case, are sufficiently comparable to criminal proceedings to call for use of the plain-error rule.  In *People v McCoy*, 189 Mich App 201, 205; 471 NW2d 648 205 (1991), this Court likened the time restrictions involved in juvenile waiver-of-jurisdiction hearings to those controlling preliminary examinations in criminal cases.  This Court also held in *McCoy* that the purpose of the time restrictions established for waiver hearings was to "ensure waiver motions are made and resolved soon after the petition is filed." *Id*. at 204.  This is because the respondent's substantial rights are directly affected by the timing and resolution of the waiver motions, given that the waiver hearings determine whether the respondent is moved from juvenile court to an adult court.  We therefore apply the plain-error standard of review for this unpreserved issue.

When an offender, although an adult at the time the petition was filed, is the subject of a juvenile delinquency petition for crimes committed while the offender was a juvenile, the family division "shall have jurisdiction without regard to the respondent's age at the time of transfer," but only for "the limited purpose of holding a waiver hearing pursuant to MCL 712A.4." *In re Seay*, 335 Mich App at 721, (Quotation marks and citation omitted.) In such a case, the family division "may waive jurisdiction to the court having general criminal jurisdiction over the charged offense," after holding a two-stage waiver hearing as described. "If the [family division] declines to waive jurisdiction, the case shall be dismissed," because the juvenile will have aged out of the juvenile system. *Id*. (quotation marks and citation omitted). When determining the best interests of the juvenile and the public, the court "must give 'greater weight to the seriousness of the alleged offense and the juvenile's prior record of delinquency than to the other criteria.' " *Id*., 722, quoting MCL 712A.4(4).

MCR 3.950(C)(1) provides as follows:

> A motion to waive jurisdiction of the juvenile must be filed within 14 days after the petition has been authorized to be filed. Absent a timely motion and good cause shown, the juvenile shall no longer be subject to waiver of jurisdiction on the charges.

In this case, petitioner filed a petition charging respondent with criminal sexual conduct on November 16, 2022, and filed the motion for waiver of jurisdiction on January 12, 2023, well after the 14-day time frame provided in MCR 3.950(C)(1). Respondent argues that the motion was untimely and that petitioner provided no good cause for the delay. We agree.

In petitioner's motion, petitioner acknowledged the time limit of MCR 3.950(C)(1), but stated that "if a petition and motion to waive jurisdiction are dismissed for lack of timeliness in commencing the waiver hearing under MCR 3.950(D)(1)(a), the prosecutor may file a second petition, which, barring a due process violation or prosecutorial bad faith, resets the 14-day time limit set out in MCR 3.950(C)(1) for filing a motion to waive jurisdiction." Petitioner did not provide any reason for the delay in filing the motion for waiver of jurisdiction.

This Court has indeed held that, if a petition is dismissed, the filing of a second petition resets the time limit for filing a waiver motion under MCR 3.950(C)(1). See *People v McCoy*, 189 Mich App 201, 205; 471 NW2d 648 205 (1991). In *McCoy*, this Court noted that, although the court rule required the "first-phase hearing" to "commence within twenty-eight days after the filing of the petition," it did not state that the waiver motion must be filed within 14 days after filing the *initial* petition, and that if a second petition was brought, the rule did not prevent the petitioner from filing a second waiver motion within 14 days from the date of filing the second petition. *Id*., 204-205. This Court likened the time restrictions for the waiver motion to those of preliminary examinations in courts of general jurisdiction:

We believe that the time restrictions in MCR 5.950[4] are analogous in many ways to the time restrictions governing preliminary examinations. The Code of Criminal Procedure requires that a respondent be given a preliminary examination within twelve days of his arraignment, unless good cause for an adjournment is shown. Failure to comply with the twelve-day rule entitles the respondent to be released and have the charges dismissed.

However, the fact that the case is dismissed for failure to comply with the twelve-day preliminary examination rule does not forever bar the petitioner from seeking legal redress. After a respondent is discharged, the prosecutor may arrest the respondent again and reinstate charges without affecting the merits of the case. Similarly, merely because a juvenile's case is dismissed for violation of the rule's time requirements does not mean the prosecutor is automatically precluded from reinstituting charges and refiling for waiver. [*McCoy*, 189 Mich App at 205, citing MCL 766.4; MCL 766.7; *Weston*, 413 Mich at 376.]

This Court stressed that its decision "should not be construed to encourage a prosecutor to seek dismissal of a petition against a juvenile in order to avoid the time restrictions . . . ." *McCoy*, 189 Mich App at 205. Moreover, this Court explained that "a prosecutor who fails to file a timely waiver motion cannot seek dismissal of the petition solely to file the motion [for waiver] within fourteen days of the second petition," and that a waiver motion should be denied when "the court believes that the prosecutor is acting in bad faith, or that respondent's due process rights have been violated . . . ." *Id.*

The language of MCR 3.950(C)(1) unambiguously provides that a petitioner's motion to waive jurisdiction "must be filed" within 14 days after the juvenile delinquency petition "has been authorized to be filed," and that without a timely motion and "good cause shown" the juvenile is "no longer . . . subject to waiver of jurisdiction on the charges." As stated, the petition in this case was filed on November 16, 2022, and petitioner's motion for waiver of jurisdiction was filed 56 days later, on January 12, 2023, well beyond the 14-day time frame. Petitioner did not offer any cause, much less "good cause," on the record for this substantial delay. The family division never dismissed petitioner's original petition and motion for waiver. Petitioner nonetheless refiled the identical petition and motion for waiver, bearing their original filing date-stamps, on the day of the hearing on petitioner's motion for waiver of jurisdiction. Petitioner provided no reason on the record for refiling those documents. To the extent that this was an attempt to refile a petition and motion for waiver, it was not done after the denial of the initial motion and the dismissal of the initial petition, and therefore had no legal effect. See *McCoy*, 189 Mich App at 205.

In *McCoy*, this Court held that MCR 3.950 was clear and unambiguous, and that its purpose was to "ensure waiver motions are made and resolved soon after the petition is filed." *Id.*, 204. That did not happen here, given that the petitioner's motion for waiver of jurisdiction filed 56 days after the petition was not "made and resolved soon after the petition" charging respondent was filed. The plain language of the court rule therefore compels us to find that respondent was no

---

[4] Now MCR 3.950(D).

longer "subject to waiver of jurisdiction on the charges," MCR 3.950(C)(1), and that the trial court erred by conducting the waiver hearing rather than dismissing the petition against him. This plain error resulted in prejudice to respondent. *D Minor*, 329 Mich App at 701. Accordingly, we vacate the order granting the motion for waiver, and remand this case to the family division for dismissal of the original petition and further proceedings consistent with this opinion. If petitioner wishes to file a new petition reinstituting the charges against respondent, thus restarting the timing requirements of MCR 3.950(C)(1), it may do so.

Because we vacate and remand on these grounds, we need not address respondent's additional argument that the family division also erred by finding that waiver of jurisdiction was appropriate, or that his counsel was ineffective in failing to raise the untimeliness of the motion for waiver of jurisdiction.

Vacated and remanded. We do not retain jurisdiction.


/s/ Mark T. Boonstra
/s/ Kirsten Frank Kelly
/s/ Adrienne N. Young

-7-